**Ex parte Charlie A. FANT.**

**No. 39154.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied March 30, 1966.

Robert B. Billings, Dallas, for appellant.

Henry Wade, Dist. Atty., Ben F. Ellis and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order issued in a habeas corpus proceeding remanding the appellant to custody for extradition to the state of Oklahoma.

The sufficiency of the governor's warrant was challenged when it was offered in evidence on the ground that the requisition upon which it was based was not executed by the governor of Oklahoma, the demanding state.

■ The executive warrant issued by the governor of Texas, which appears regular on its face, was introduced in evidence. It made out a prima facie case authorizing the remand of appellant to custody for extradition. Foskett v. State, Tex.Cr.App., 390 S.W.2d 273. From this point, the burden was upon appellant to overcome the prima facie proof of the existence of every fact which the Texas governor was obliged to determine before issuing the extradition warrant.

Therefore the burden of proof was upon the appellant to show that L. V. Went, the name of the person signing the requisition as governor, was without authority to sign the requisition as governor of Oklahoma. Fuqua v. State, 162 Tex.Cr.R. 126, 283 S.W.2d 50.

■ It is insisted that the "preliminary information" appearing in the requisition and so referred to in the Texas governor's warrant did not meet the statutory requirements that the issuance of said warrant could be based upon an information supported by affidavit from the demanding state.

There appear above two horizontal lines at the top of a printed form the words "preliminary information." These words do not appear in the body of the instrument which alleges affirmatively and with certainty the commission of the crime relied on for extradition.

■ The designation of an accusatory pleading as a "preliminary information" is but a title or means of identity and such designation alone does not per se invalidate an otherwise legal and valid information. No error is here presented.

■ The affidavit in support of the information relied on is not required to be executed before a magistrate, as the appellant contends. Art. 1008a, Sec. 3, Vernon's Ann. C.C.P.; Ex Parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755.

The other contentions presented have been considered, and do not reveal error.

The judgment is affirmed.

Opinion approved by the Court.