**Ex parte J. C. PRESTON.**

**No. 41536.**

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Rehearing Denied Dec. 11, 1968.

At the hearing the State introduced into evidence the Executive Warrant of the Governor of the State of Texas and the requisition and supporting papers authorizing the arrest and return of the appellant to the State of Missouri to answer a charge of grand stealing, violation Missouri R.S., Section 560.156, V.A.M.S.

Appellant did not testify or offer any evidence at said hearing.

■ Initially, appellant contends he is entitled to release because after his arrest as a fugitive from justice he was held in custody more than 30 days contrary to the provisions of Article 51.13, Sec. 15, Vernon's Ann.C.C.P. It appears that appellant was arrested by federal authorities on January 23, 1968. On the following day or shortly thereafter he was filed on by state officers as a fugitive from justice upon the basis of a Missouri warrant. See Article 51.13, Sec. 14, V.A.C.C.P. He apparently was unable to make bail set by a Justice of the Peace in Taylor County. On February 26, 1968, the appellant was again taken before the Justice of the Peace who recommitted him for an additional 30 days under the authority granted such judicial officer by virtue of Section 17 of Article 51.13, V.A.C.C.P. On March 12, 1968, the Executive Warrant of the Governor was issued rendering moot any complaint as to confinement by virtue of the fugitive warrant.

■ Appellant next contends that he was charged by complaint or affidavit for a felony offense in Missouri and that felony prosecution is not authorized in this state by complaint and that he is therefore not extraditable. Such contention is without merit. Extradition, as distinguished from the eventual prosecution, is authorized upon the basis of an indictment or information supported by affidavit, or "by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon." Article 51.13, Sec. 3, V.A.C.C.P. Ex parte Krarup, Tex. Cr.App., 422 S.W.2d 173; Ex parte Young, Tex.Cr.App., 397 S.W.2d 74; Ex parte

Charles Scarborough, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 42nd District Court of Taylor County remanding the appellant to custody for extradition to the State of Missouri.

Stanley, Tex.Cr.App., 377 S.W.2d 650; Ex parte Powers, Tex.Cr.App., 391 S.W.2d 413; Ex parte Fisher, 168 Tex.Cr.R. 336, 327 S.W.2d 579; Ex parte Favor, Tex.Cr.App., 406 S.W.2d 434. The requisition and supporting papers show an affidavit made before a magistrate in Missouri charging the appellant with the theft of tires, muffler, and a tail pipe over the value of $100 and a warrant issued as a result thereof.

The Revised Statutes of Missouri, which the court's order indicated were before him when he ruled, provide that if the value of the property stolen is at least $50, the punishment shall be by imprisonment in the penitentiary for not more than 10 years nor less than 2 years or by jail time or fine, or both. Article 560.161, subd. 1(2). Missouri R.S., V.A.M.S. We conclude therefore, that "grand stealing" is substantially the same as our offense of felony theft. Articles 1410, 1421, Vernon's Ann. P.C.

The judgment is affirmed.