**Ex parte William (Bill) CLUBB.**

**No. 42552.**

Court of Criminal Appeals of Texas.

Nov. 5, 1969.

Rehearing Denied Dec. 3, 1969.

·Harkness, Friedman & Kusin by Jim Hooper, Texarkana, for appellant.

Crawford C. Martin, Atty. Gen., Austin, Nola White, Hawthorne Phillips, Robert C. Flowers and Gilbert J. Pena, Asst. Attys. Gen., Austin, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Louisiana, where he stands charged by "affidavit made before a magistrate issued together with a warrant thereupon" with the crime of "murder."

At the habeas corpus proceedings at which appellant was represented by counsel, the Executive Warrant of the Governor of this State, regular on its face, the requisition, application for requisition, the affidavit and warrant and other supporting papers were introduced. Thereafter the State rested. The appellant did not testify or offer any evidence at said hearing.

■ It is well established that the introduction of the Warrant of the Governor of Texas is sufficient to make a prima facie case authorizing extradiction of the person named therein. Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442; Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Tine, Tex.Cr.App., 432 S.W.2d 77; Ex parte Wiggins, Tex.Cr.App., 435 S.W.2d 517.

■ Once the Governor's Warrant is placed in evidence then the burden is upon the person named therein to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Fant, Tex.Cr.App., 400 S.W.2d 332. See also 25 Tex.Jur.2d, Extradition, § 31, pp. 182–183.

■ Having established·a prima facie case by the introduction of the Governor's Warrant, the State has no further burden of proof as to the identity of the accused unless identity is put into issue by the accused. The introduction of the Executive Warrant shifts the burden to the accused and it is then incumbent upon him to show that he is not the person charged in the demanding state. See Ex parte Moore, Tex.Cr.App., 436 S.W.2d 901; Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48 and cases there cited; 39 C.J.S., Habeas Corpus § 39(a), pp. 551–552. Cf. Ex parte Thompson, 171 Tex.Cr.R. 509, 351 S.W.2d

890; Ex parte Starnes, 169 Tex.Cr.R. 349, 334 S.W.2d 173; Ex parte Ryan, 168 Tex. Cr.R. 351, 327 S.W.2d 596.

■ In the case at bar no issue of identity was made. Appellant is now in no position to complain as to the sufficiency of the evidence as to identity which he attempts to do.

■ Next, appellant appears to contend that the alleged Louisiana offense is a felony and that extradition is not therefore authorized upon the basis of an affidavit (complaint) and warrant issued thereon. Such contention is without merit. Ex parte Preston, Tex.Cr.App., 434 S.W.2d 136; Ex parte Krarup, Tex.Cr.App., 422 S.W. 2d 173 and cases there cited at p. 175.

Article 51.13, § 3, Vernon's Ann.C.C.P., reads in part:

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, *or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon*; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. * * * "

See also Ex parte Green, Tex.Cr.App., 437 S.W.2d 859.

■ Care should be taken to distinguish between extradition and eventual prosecution and between the instruments which form the basis for eventual prosecution in the demanding state. A person charged in the demanding state with a felony may be extradited from Texas upon the basis of an affidavit and warrant issued thereon. Whether upon his return to the demanding state he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state.

■ It is true that in extradition proceedings there is a presumption that the law of the demanding state is the same as the law of Texas in the absence of a showing to the contrary. See Ex parte Krarup, supra, and in this connection, since a felony may not be prosecuted upon an information in Texas, this Court has consistently held that where the demanding state seeks to extradite an accused from Texas for a felony trial based upon an information in the demanding state, there must be a showing at the habeas corpus hearing that the law of the demanding state permits such procedure. See Ex parte Krarup, supra.

■ The continued viability of such holdings, however, with regard to extradition proceedings may be seriously questioned. Since in the case at bar there is no information and Louisiana is not shown to be seeking to extradite the appellant from Texas for a felony trial based upon information, appellant's reliance upon the holdings mentioned is misplaced.

The proceedings appearing to be regular, the judgment of the trial court remanding appellant to custody for extradition is affirmed.

MORRISON, J., concurs in the result.