**Ex parte John D. RIGSBY.**

**No. 42650.**

Court of Criminal Appeals of Texas.

March 11, 1970.

Rehearing Denied May 13, 1970.

Raymond Dickens, Jr., Marvin O. Teague (on appeal only), Houston, for appellant.

Carol Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Alabama to answer a charge by affidavit filed in County Court of possession of Lysergicacid Diethylamide.

The order remanding appellant to custody was issued and notice of appeal was given on November 22, 1968. The record on appeal did not reach this court until November 7, 1969.

Appellant concedes that the introduction of the Governor's Warrant, regular on its face, established a prima facie case authorizing extradition. Ex parte Evans, Tex.Cr.App., 411 S.W.2d 367, and cases cited, Ex parte Fant, Tex.Cr.App., 400 S.W. 2d 332.

It was stipulated at the habeas corpus hearing that the offense with which appellant is charged is an offense against the criminal laws of Alabama.

The controlling question is whether the prima facie case made by the introduction of the Governor's Warrant, which recites that appellant "stands charged by affidavit made before a magistrate and issued together with a warrant thereupon," was overcome by the requisition and supporting papers which were also introduced by the state, by reason of the following:

The affidavit for warrant was sworn to before an assistant district attorney who also issued the warrant for appellant's arrest. The affidavit was filed in Madison County Court and the warrant directed that appellant be brought before said court.

A copy of an Alabama statute applicable in Madison County, included in the supporting papers, provides that solicitors shall have the power to take oaths in support of complaints and to issue warrants in all criminal cases, provided that such warrants shall be made returnable to a court having original jurisdiction of the offense charged.

The requisition signed by the Governor of Alabama certifies the annexed copy of an affidavit and warrant of arrest to be authentic in accordance with the laws of Alabama.

The record does not reflect that the offense charged is a felony under the laws of Alabama, and does not reflect that the "Madison County Court" is without original jurisdiction of such offense.

We decline to extend the rule regarding the presumption that, absent proof to the contrary, the laws of the demanding state are the same as those of this state so as to require proof as to the original jurisdiction of the Madison County Court of the offense of possession of LSD.

Variance between the proof that the assistant district attorney had authority to administer the oath and issue the war-

rant returnable before the Madison County Court, and the recitation in the Governor's Warrant that appellant was charged by affidavit made before a magistrate is not fatal.

The judgment is affirmed.