**Ex parte Ray V. UPTON.**

**No. 42931.**

Court of Criminal Appeals of Texas.

April 29, 1970.

Rehearing Denied June 24, 1970.

Leston Junior Scott, pro se.

Jim D. Vollers, State's Atty., Austin, for the State.

Gerald K. Fugit, Odessa, for appellant.

Gilbert J. Pena, Asst. Atty. Gen., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant for extradition to the State of New Mexico.

At the hearing on the writ, the state introduced in evidence the executive warrant issued by the Governor of Texas.

■ The executive warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing a remand of appellant to custody for extradition. Ex parte Short, Tex. Cr.App., 423 S.W.2d 328.

For discharge the appellant contends that he was not furnished with a copy of the extradition papers as required by Art. 51.13, Sec. 3, Vernon's Ann.C.C.P.

At the hearing it was shown that appellant's counsel had written the clerk requesting copies of the extradition papers but he never received them. The trial judge stated in the record that he had previously informed the appellant he would be furnished with copies of said papers. At this time the appellant was furnished with the papers. After appellant and his counsel examined the papers in a separate room provided for them, they returned into open court and asked for a continuance of ten days. The court then told appellant he would give him additional time to look at them. He had previously informed appellant that, "I'll give you as long as you want to look those papers over, if you haven't seen them." Appellant's counsel told the court that he did not think it would be advantageous to look at the papers further at that time.

■ In light of the record and the court's statement to appellant that he could have further time to examine the papers, which he declined, no error is presented. Ex parte Strunk, Tex.Cr.App., 444 S.W.2d 940.

The second ground urged is that the trial court erred in not discharging the appellant for the reason that the State of New Mexico had waived all rights to him.

■ The record reflects that the appellant was convicted by the State of New Mexico for the crimes of grand larceny and car theft. On November 6, 1962 he was paroled by the New Mexico Board of Parole, and on March 12, 1963 violated the conditions of his parole by breaking out of jail where he was being held for extradition to Texas on robbery charges. After appellant was re-taken in New Mexico and while in custody for violation of the conditions of his parole he waived extradition to Texas, and was taken to Midland, Texas, where he was convicted and then confined in the Texas Department of Corrections. When he was discharged from the Texas Department of Corrections, he was confined in the Walker County jail to answer a detainer from New Mexico for violating parole. At the hearing in this cause in the District Court of Walker County, the appellant testified that the same court in which he was convicted in New Mexico agreed to his extradition to Texas with knowledge of his parole. He also testified that the only move to return him to the penitentiary in New Mexico was a report to his parole officer which was made before he waived extradition to Texas.

The certificate of parole of the Board of Parole of the State of New Mexico which is included in the requisition papers for extradition contains the following:

"AGREEMENT BY PAROLEE"

"I do hereby waive extradition to the State of New Mexico from any State in the Union, and from any territory or country outside the continental United States, and also agree that I will not contest any effort to return me to the United States or the State of New Mexico.

"I have read, or have had read to me, the forgoing conditions of my parole; I understand them fully and agree to abide by and strictly follow them; and I fully understand the penalties involved should I in any manner violate them.

"Signed in quadruplicate this 5 day of November 1962

"Signed: /s/ Ray V. Upton, NMSP 17153"

It is concluded that the State of New Mexico has not waived its rights to extradition of the appellant in this cause. The second ground of error is overruled.

The judgment is affirmed.