**Ex parte Frank POSEY.**

No. 42903.

Court of Criminal Appeals of Texas.

May 20, 1970.

Billy Hall, Littlefield, for appellant.

Jack Young, Dist. Atty., Muleshoe, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in the 154th District Court of Parmer County remanding appellant to custody for extradition to the State of Oklahoma.

At the habeas corpus hearing the State introduced the Executive Warrant of the Governor of Texas, regular on its face, authorizing the arrest and return of the appellant to the State of Oklahoma to answer an information and supporting affidavit, charging the crime of accessory after the fact contrary to 21 O.S. § 173 (concealing stolen property). In addition, the application for requisition, the preliminary felony information, and supporting affidavit, filed in the County Court of Pottawatomie County, Oklahoma, an arrest warrant issued thereon by the county judge, a copy of a portion of the Oklahoma State Constitution and other supporting papers were also introduced. All of such papers were certified by the Honorable Martin Dies, Jr., Texas Secretary of State, to be true and correct copies of "all papers received from the State of Oklahoma in the case of Frank Posey."

The State also called the Parmer County Sheriff who identified the appellant as Frank Posey.

The appellant offered no evidence save his copies of the supporting papers.

Initially, appellant contends the court erred in failing to grant the relief prayed for since the State did not show that a felony can be prosecuted upon an information in Oklahoma.

It is true that in extradition proceedings it has been held that there is a presumption that the law of the demanding state is the same as the law of Texas in absence of a showing to the contrary, Ex parte Krarup, Tex.Cr.App., 422 S.W.2d 173 and cases there cited, and if the demanding state seeks to extradite an accused from Texas for a felony trial based upon an information in the demanding state there must be a showing, at the habeas corpus hearing, that the law of the demanding state permits such procedure since in Texas a felony may not be prosecuted upon an information.

In Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185, the continued viability of such holdings, however, with regard to extradition proceedings was seriously questioned.

And this Court has long held that in view of the express provisions of Article 51.13, Sec. 3, Vernon's Ann.C.C.P., an individual may be extradited where he is charged in the demanding state with a felony by "an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon." Ex parte Preston, Tex. Cr.App., 434 S.W.2d 136; Ex parte Krarup, supra; Ex parte Clubb, supra. See also Ex parte Green, Tex.Cr.App., 437 S.W.2d 859.

■ In such cases it was pointed out that care should be taken to distinguish between extradition and eventual prosecution and between instruments which form the basis for extradition and which form the basis for eventual prosecution in the demanding state. And, where a person charged with a felony in the demanding state may be extradited from Texas upon an affidavit before a magistrate and warrant issued thereon, the question of whether, upon his return to the demanding state, he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state.

■ It would seem to be the height of absurdity to say that a person charged with a felony in the demanding state may be extradited upon an affidavit and warrant issued thereon, but that he could not be extradited upon an information supported by an affidavit and a warrant issued thereon by the county judge. And this is particularly true where the information is labeled "Preliminary Felony Information" and the accompanying Oklahoma law reflects that no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination.

■ If it can be argued that the prosecutor failed to make sufficient proof that the laws of Oklahoma permit eventual prosecution of felonies upon an information, no reversible error appears since it is clear that preliminary felony information, supporting affidavit and warrant issued thereon by the county judge serves only as the basis for the extradition.

Next, appellant complains the court erred in admitting the Governor's Warrant since a copy had never been served on appellant and he had not seen a copy until the hearing and, further, that he was not given adequate time to compare the warrant with the supporting papers. There is no showing that prior to the hearing appellant requested and was denied a copy of said warrant.

At the time the State offered the Governor's Warrant the appellant objected on the grounds the warrant had not been served upon him. The remainder of his objection clearly indicates the supporting papers were in his possession at the time. See Article 51.13, Sec. 3, V.A.C.C.P.

The court at first permitted him an opportunity to examine the warrant in the courtroom. Upon further objections the appellant was given two separate recesses to compare the warrant and the supporting papers, at the conclusion of which appellant's counsel stated he was ready to proceed, subject to his request for more time for legal research.

■ We know of no requirement of the service of a Governor's Warrant upon a petitioner who has filed an application for writ of habeas corpus seeking to defeat extradition prior to a hearing thereon where he has made no request or demand therefor. A distinction here must be made between the Governor's Warrant and the supporting papers. Upon request the supporting papers must be furnished. Ex parte Kronhaus, 410 S.W.2d 442.

In light of the record, we find no error presented by the court's action. See Upton v. State, Tex.Cr.App., 455 S.W.2d 245.

■ There is no merit in appellant's contention that the court erred in admitting the Governor's Warrant into evidence because it was not certified to by the Texas Secretary of State. The said warrant was duly attested by the Honorable Martin Dies, Jr., Secretary of State, and his certificate as to the supporting papers from Oklahoma has already been noted in this opinion. The requisition of the Oklahoma Governor duly certifies the preliminary felony information contained in the supporting papers to be "authentic and duly authenticated in accordance with the laws of this State." Thus the requirements of Article 51.13, Sec. 3, V.A.C.C.P. that "the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand" has been met.

■ Lastly, appellant complains the State offered no evidence to show that appellant was one and the same person named in the Governor's Warrant.

First, we observe that the Sheriff of Parmer County identified the appellant as Frank Posey.

Further, in Ex parte Clubb, 447 S.W.2d 185, this Court wrote:

> "Once the Governor's Warrant is placed in evidence then the burden is upon the person named therein to overcome the prima facie proof of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant. Ex parte Fant, Tex.Cr.App., 400 S.W.2d 332. See also 25 Tex.Jur.2d, Extradition, § 31, pp. 182–183.

> "Having established a prima facie case by the introduction of the Governor's Warrant, the State has no further burden of proof as to the identity of the accused unless identity is put into issue by the accused. The introduction of the Executive Warrant shifts the burden to the accused and it is then incumbent upon him to show that he is not the person charged in the demanding state. See Ex parte Moore, Tex.Cr.App., 436 S.W.2d 901; Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48 and cases there cited; 39 C.J.S. Habeas Corpus § 39(a), pp. 551–552. Cf. Ex parte Thompson, 171 Tex. Cr.R. 509, 351 S.W.2d 890; Ex parte Starnes, 169 Tex.Cr.R. 349, 334 S.W.2d 173; Ex parte Ryan, 168 Tex.Cr.R. 351, 327 S.W.2d 596.

> "In the case at bar no issue of identity was made. Appellant is now in no position to complain as to the sufficiency of the evidence as to identity which he attempts to do."

The appellant having made no issue of identity, we believe Ex parte Clubb, supra, sufficiently answers his last contention.

The judgment is affirmed.