## Ex parte Louis Albert WEINER, Jr.

### No. 44731.

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

Melvyn Carson Bruder, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in Criminal District Court No. 4 of Dallas County, remanding appellant to custody for extradition to the State of Missouri.

The State introduced into evidence the Executive Warrant of the Governor of the State of Texas, and also the supporting papers, including an affidavit given before a magistrate and the warrant issued thereon authorizing the arrest and return of the appellant to Missouri to answer a charge of felonious assault. The State also offered an authenticated copy of the applicable Missouri statute, § 559.180 R.S.Mo., (1939).

Initially, appellant contends that the affidavit given before a magistrate does not charge him with an offense for which he can be prosecuted under the laws of the State of Missouri. He claims that the allegations contained in the affidavit are insufficient to support a prosecution for the offense set forth in the statute.[1]

■ Whether the allegations are sufficient to support a prosecution in Missouri (if indeed the affidavit is intended to serve as the basis for a prosecution) is not a question to be determined by this Court in an extradition proceeding. Absent clear invalidity, the determination of validity of an affidavit or indictment upon which a demand for extradition is based and its sufficiency as a criminal pleading will be left to the courts of the demanding state. Ex parte Scott, 446 S.W.2d 307 (Tex.Cr. App.1969); Ex parte Corley, 439 S.W.2d 668 (Tex.Cr.App.1969); Ex parte Powers, 391 S.W.2d 413 (Tex.Cr.App.1965).

■ Article 51.13, § 3, Vernon's Ann.C. C.P. (1965), requires that the affidavit made before the magistrate "must substantially charge the person demanded with having committed a crime under the law of that State." (referring to the demanding state). It does not require that the affidavit be sufficient as a criminal pleading.

■ Generally, in an extradition proceeding, the law of the demanding state is presumed to be the same as the law of Texas, absent a showing to the contrary, e.g., Ex parte Posey, 453 S.W.2d 833 (Tex.Cr.App.1970); Ex parte Krarup, 422 S.W.2d 173 (Tex.Cr.App.1967). In this case, the statute of Missouri concerning the crime in question was introduced into evidence, so the determination as to whether the affidavit "substantially charge(s) the person demanded with having committed a crime under the law of that State" will be made in regard to that statute.

■ This affidavit substantially charges a crime under the law of the State of Missouri. It is sufficient to support the extradition of the appellant.

■ Appellant also contends that his extradition would be improper for the reason that there was no showing by the State that the offense charged could be prosecuted in Missouri upon an affidavit. This contention is without merit.

■ This Court has held that, in view of Art. 51.13, § 3, V.A.C.C.P.(1965), an individual may be extradited where he is charged with a felony by "an affidavit before a magistrate there, together with a copy of any warrant which issued thereon," e.g., Ex parte Posey, 453 S.W.2d 833 (Tex.Cr.App.1970); Ex parte Preston, 434 S.W.2d 136 (Tex.Cr.App.1968). In cases where a person is so extradited, the question of whether he is to be prosecuted upon an indictment or information is not a

---

1. The statute, § 559.180 R.S.Mo., (1939), is not set forth in the affidavit, but it is set forth in the petition for requisition directed to the Governor of Missouri, and it is cited in the Executive Warrant.

question for the courts of Texas to decide in extradition, but a question for the courts of the demanding state. Ex parte Rhodes, 467 S.W.2d 425 (Tex.Cr.App.1971); Ex parte Posey, supra; Ex parte Clubb, 447 S.W.2d 185 (Tex.Cr.App.1969).

■ The Executive Warrant appears regular on its face. Therefore, the State has established a prima facie case, e.g., Ex parte Bobbitt, 468 S.W.2d 386 (Tex.Cr. App.1971); Ex parte Buel, 468 S.W.2d 385 (Tex.Cr.App.1971). Appellant has not refuted such prima facie case.

The order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed by the clerk except by leave of this Court after good cause has been shown.