**Ex parte Clyde Lewis LEACH, Jr.**

**No. 45319.**

Court of Criminal Appeals of Texas.

April 5, 1972.

Kerry P. FitzGerald, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order of the court, after habeas corpus hearing, remanding appellant to custody for extradition to the State of Florida.

An extradition hearing was held and the warrant of the Governor of the State of Texas was admitted into evidence. Such executive warrant appears to be regular on its face and the introduction thereof is sufficient to make a prima facie case authorizing extradition of the person named thereon. Ex parte Swain, Tex.Cr.App., 471 S.W.2d 412; Ex parte Binette, Tex.Cr.App., 465 S.W.2d 373; Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185.

■ Appellant first complains that there is no showing that he is the same person charged in the State of Florida. No evidence was offered on this issue at the hearing. This court, in Ex parte Clubb, supra, stated:

"Having established a prima facie case by the introduction of the Governor's Warrant, the State has no further burden of proof as to the identity of the accused unless identity is put into issue by the accused. The introduction of the Executive Warrant shifts the burden to the accused and it is then incumbent upon him to show that he is not the person charged in the demanding state."

A prima facie case having been established by the introduction of the Governor's Warrant, no further burden of proof as to the identity of the accused is in issue. Ex parte Binette, supra; Ex parte Harvey, Tex.Cr.App., 459 S.W.2d 853.

■ Next, complaint is made that the trial court erred in admitting the Governor's Warrant into evidence because the proper predicate had not been laid. Such contention is overruled. In Ex parte Kaufman, 168 Tex.Cr.R. 55, 323 S.W.2d 48, this court held that the Governor's Warrant was properly admitted into evidence over the objection that the petitioner therein had not been identified as the person named in the Governor's Warrant.

■ Finally, appellant complains that Article 784.06 of the Florida Statutes, F.S.A., is so general that it fails to state an offense. Whether appellant is guilty as charged, or whether the Florida statute is valid or invalid, is not for the courts of this state to decide. The constitutionality of such statute is for the courts of Florida and the Supreme Court of the United States to decide. Ex parte Key, 164 Tex.Cr.R. 524, 301 S.W.2d 90.

■ Appellant also complains that the state has failed to show that he is charged with a felony in the State of Florida. The state introduced a certified copy of the applicable Florida statute. Said statute proscribes a penal offense and provides penalties. Article 51.13, Sec. 2, Vernon's Ann.C.C.P., provides for the extradition of any person charged with ". . . treason, felony, or other crime . . ." in the demanding state. The phrase "other crime" has been construed to include misdemeanors. Ex parte Harris, Tex.Cr.App., 375 S.W.2d 453.

Appellant's final ground of error is overruled.

No motion for rehearing will be entertained or filed by the Clerk except by leave of this court after good cause has been shown.

The judgment is affirmed.