**Ex parte Francis Phillip CONNELLY.**

No. 45458.

Court of Criminal Appeals of Texas.

May 9, 1972.

No attorney on appeal.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order of the Honorable Jerry Woodard, Judge of the 34th Judicial District Court of El Paso County, remanding appellant to custody for extradition to the State of Michigan.

The warrant of the Governor of Texas, regular on its face, was introduced into evidence. This made a prima facie case for extradition. E. g. Ex parte Swain, Tex.Cr.App., 471 S.W.2d 412.

First, the appellant contends that there is no showing that the felony offense of receiving and concealing stolen property may be prosecuted in the State of Michigan upon an information. Article 51.13, Section 3, Vernon's Ann.C.C.P., provides that extradition may be granted upon "information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a warrant which issued thereupon. . . ."

In the present case there is an information supported by an affidavit made before a magistrate. Also there was a warrant issued as a result of the affidavit. This is sufficient under Article 51.13, supra, to authorize extradition. See Ex parte Swain, supra; Ex parte Binette, Tex.Cr.App., 465 S.W.2d 373. It is not necessary to show that a felony may be prosecuted upon an information in the demanding state.[1]

Next, it is contended that the lieutenant governor of the demanding state signed the requisition papers and that there was no showing that the governor of the demanding state was unable to perform his duties.

The supporting papers were not introduced and there is nothing in the record to show that the Lieutenant Governor of Michigan signed the requisition papers. Nothing is presented for review.

Appellant contends that the State failed to prove that the appellant was the person named in the Governor's Warrant.

The appellant did not deny under oath that he was the person named in the warrant. Absent such a sworn denial, the burden is on the appellant to show that he was not the person named in the warrant. E. g. Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185.

No error is shown. The order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed by the Clerk except by leave of this Court after good cause has been shown.

---

1. A non-capital felony may be prosecuted in Texas upon an information. Article 1.141, V.A.C.C.P., effective May 19, 1971.

See King v. State, Tex.Cr.App., 473 S.W. 2d 43. The hearing was held in the present case in November, 1971.