**Ex parte Joe Lawrence WAMMACK.**

No. 45839.

Court of Criminal Appeals of Texas.

July 26, 1972.

Harkness, Friedman & Kusin, by Sherman A. Kusin, Texarkana, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a court order, after habeas corpus hearing, remanding appellant to custody for extradition to the State of Nevada.

The record reflects that appellant was taken into custody on the basis of a fugitive warrant, alleging that he had committed the offense of attempted murder, issuing from the State of Nevada. At the extradition hearing, the trial court found the Governor's Warrant to be regular in all respects.

Initially, appellant challenges the sufficiency of the papers supporting the issuance of the Executive Warrant by the Governor of Texas. Specifically, he contends "that the affidavit upon which the extradition proceeding was heard was one based upon an affidavit before a notary public, and not before a magistrate, and that it is essential that the affidavit be before a magistrate."

Article 51.13(3), Vernon's Ann.C.C.P., provides in part:

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding State at the time of the commission of the alleged crime, and that

thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, . . ."

In construing this provision, this court, in Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755, stated:

"We have concluded that the demand . . . does not require the affidavit . . . to be made before a magistrate."

This holding was recently reaffirmed in Ex parte Binette, Tex.Cr.App., 465 S.W.2d 373. See also, Ex parte Posey, Tex.Cr. App., 453 S.W.2d 833.

■ Appellant next contends that the Governor's Warrant was illegally issued in "that it was done on an information which is in variance with the laws of the State of Texas."

In Ex parte Posey, supra, this court held that:

" . . . where a person charged with a felony in the demanding state may be extradited from Texas upon an affidavit before a magistrate and warrant issued thereon, the question of whether, upon his return to the demanding state, he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition proceedings, but a question for the courts of the demanding state."

■ Finally, appellant complains that he was denied due process of law because he was not apprised of his right to appear before the Governor and Secretary of State

to present his reasons why the extradition papers should not be issued.

Article 51.13, V.A.C.C.P., provides, in part:

"Sec. 4. When a demand shall be made upon the Governor of this State by the Executive Authority of another State for the surrender of a person so charged with crime, the Governor may call upon the Secretary of State, Attorney General or any prosecuting officer in this State to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered.

.    .    .    .    .    .

"Sec. 20. The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime."

In interpreting these provisions, this court has held that the failure to notify the accused of an executive hearing on an extradition demand is not a ground upon which the discharge of the accused may be predicated. Ex parte Falkman, 162 Tex.Cr.R. 230, 284 S.W.2d 153. See also, 25 Tex.Jur. 2d, Extradition, Sec. 15.

■ Contrary to appellant's contention, he has not been denied a right to challenge the basis for extradition. A procedure for challenge is provided by Article 51.13, Sec. 10, V.A.C.C.P.[1] In the instant case, appel-

---

1. Article 51.13, Sec. 10, V.A.C.C.P., provides:
   "No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply

lant availed himself of such rights under this provision and was heard. No harm is shown by the failure to hold a preissuance adversary hearing.

No motion for rehearing will be entertained or filed with the Clerk except by leave of this court after good cause has been shown.

The judgment is affirmed.

for a writ of habeas corpus. When such a writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prose-

cuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding State."