**Ex parte Stephen Samuel CASE.**

**No. 45928.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

**562**

J. H. Winborn, Dallas, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order entered in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of Florida.

At the hearing, the State introduced the Extradition Warrant of the Governor of this State directing the arrest of the appellant and his delivery to the agents of the State of Florida for return to that State. The Extradition Warrant appears regular on its face and makes out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Browder, Tex.Cr.App., 373 S.W.2d 751.

The appellant introduced the Demand of the Governor of Florida requesting appellant's extradition and its supporting papers.

Appellant first contends that the Demand of the Governor of the State of Florida is insufficient to support the Extradition Warrant and cites three irregularities in the Demand and the supporting papers accompanying the Demand which he maintains require reversal.

First, he claims the Application for Requisition from the State Attorney to the Governor of Florida is void, because it does not list the circumstances of the offense. However, an examination of the supporting papers, which the Governor of Florida acknowledges in his Demand, reveals that the circumstances of the offense are described three times.

Next, he maintains that an omission of the name of the judge on a certification of the clerk of the Court of Record renders the Demand void. The clerk's certification that the affidavit being certified was given before ". . . the Honorable James A. McCauley, Judge of the Court of Record, a committing magistrate . . ." appears in the first part of the

document in question. The omission of his name after "And I further certify that the *said* [1] Honorable _____ was on the day . . ." is obviously a clerical error and does not affect the validity of the document.

Finally, appellant contends that the Demand of the Governor of the State of Florida is dated 1996. This contention is incorrect. The portion of the Demand in question reads:

"Given Under My Hand, and the Great Seal of the State affixed at the City of Tallahassee, the Capital, this Twenty-first day of February A.D. 1972 and of the Independence of the United States of America the One Hundred and Ninety-sixth year."

Appellant's first contention is overruled.

 Appellant's second contention is that he is not substantially charged with a crime under the laws of the State of Texas or of the State of Florida. Article 51.13, Section 3, Vernon's Ann.C.C.P., specifically authorizes extradition where the accused stands charged in the demanding state by an affidavit made before a magistrate and a warrant issued upon such affidavit. The appellant introduced the supporting papers into evidence. In the supporting papers is an affidavit made by Thomas R. Brophy before the judge of the Court of Record of Broward County, Florida. Also included in the supporting papers is a warrant of arrest signed by the judge of the Court of Record of Broward County, Florida, and based upon the affidavit signed by Brophy.

In Ex parte Weiner, Tex.Cr.App., 472 S.W.2d 773, we find the following language:

"This Court has held that, in view of Art. 51.13, § 3, V.A.C.C.P. (1965), an individual may be extradited where he is charged with a felony by 'an affidavit before a magistrate there, together with

a copy of any warrant which issued thereon,' e. g., Ex parte Posey, Tex.Cr. App., 453 S.W.2d 833 . . .; Ex parte Preston, Tex.Cr.App., 434 S.W.2d 136. . . . In cases where a person is so extradited, the question of whether he is to be prosecuted upon an indictment or information is not a question for the courts of Texas to decide in extradition, but a question for the court of the demanding state. Ex parte Rhodes, Tex. Cr.App., 467 S.W.2d 425 . . .; Ex parte Posey, supra; Ex parte Clubb, Tex.Cr.App., 447 S.W.2d 185, 187 . . ."

Appellant's second contention is without merit.

The order is affirmed.

No motion for rehearing will be filed or entertained by the Clerk except by leave of this Court after good cause has been shown.