**Ex parte William Harry GOODMAN.**

**No. 46002.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

---

**786**

Wardlaw, Cochran, Neal & Brady by John A. Brady, and A. L. Wardlaw, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., William E. Burdock, and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Georgia. The only evidence offered at the hearing was the Executive Warrant of the Governor of Texas which recites that the appellant was charged by indictment with the crime of "abandonment of a minor child contrary to 74–9902, GPC."

The appellant recognizes that when an executive warrant regular on its face is introduced, it is sufficient for extradition. No objection was made when the warrant was introduced. Appellant now contends for the first time on appeal that the executive warrant in the present case was not regular because it does not recite that relator's extradition was accompanied by a copy of an indictment or that the indictment was not duly authenticated by the executive authority making demand under Section 3 of Article 51.13, Vernon's Ann.C.C.P. This Section does not provide that the Governor of Texas recite all the facts that must be made known to the governor of the demanding state. Section 7 of Article 51.13, supra, provides: " . . . The warrant must substantially recite the facts necessary to the validity of its issuance."

The record does not show that the appellant requested a copy of the supporting papers, and what they contained is not shown. We hold that an executive warrant of the Governor of Texas does not have to recite that the indictment was duly authenticated by the executive authority in Georgia or that the indictment substantially recited the facts necessary to the issuance of the demand or that such demand was in writing.

If the supporting papers were insufficient to support the issuance of the Executive Warrant, the appellant could have requested copies and introduced them into evidence. The Governor's Warrant is regular on its face and the hearing court was authorized to conclude as he did and remand appellant for extradition.

The order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be filed or entertained by the Clerk except by leave of this Court after good cause has been shown.