**Ex parte Roger DUMAS.**

**No. 46218.**

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Ronald H. Hill, Jr., John M. Anderson, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Timothy E. Thompson and Roger Crampton, Asst. Dist. Attys., Fort Worth and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from the order of the court, after habeas corpus hearing, remanding appellant to custody for extradition to the State of Oklahoma.

Appellant contends that the Governor's Warrant is invalid because the affidavit upon which the information was based was not properly authenticated in that the notary's jurat was not typewritten but handwritten.

The record reflects that appellant was taken into custody on the basis of a fugitive warrant alleging robbery with firearms issuing from the State of Oklahoma. A habeas corpus hearing was held on February 25, 1972, at which time appellant objected to the notary's jurat of the information and affidavit on the grounds that the notary only signed the jurat and had not sealed it, and secondly, that the notary's date of commission expiration was not typewritten but handwritten. Rather than rule on the sufficiency of the objection, the trial court granted the state an extension of time to correct any deficiency of the notary's jurat.

The state sent the governor's warrant and all of the related papers to the Secretary of State's office with a letter that disclosed the trial court's finding and requested that the Oklahoma notary affix her seal and typewritten date of commission expiration to the jurat. The letter and enclosures were forwarded to the District Attorney's office in Bryan County, Oklahoma. A copy of the forwarding letter was sent to the Tarrant County District Attorney's office.

On March 6, 1972, the Extradition Clerk of the office of the Texas Secretary of State sent Governor Smith's Extradition Warrant and supporting papers back to the Tarrant County District Attorney's office. The requested addendums to the notary's jurat had been made.

On March 9, 1972, the habeas corpus hearing was reconvened. Over appellant's objection, the state introduced the Governor's Warrant into evidence. The appellant introduced all of the related and supporting papers, including the amended information and affidavit, "for the purpose of making his objections to the introduction of the Governor's Warrant." The trial court thereafter granted the extradition and ordered the appellant remanded to the custody of the Tarrant County Sheriff to be delivered to the proper authorities in Oklahoma.

On April 6, 1972, appellant filed an "Objection to the Record" and therein alleged that the information and affidavit as originally submitted to the trial court by the state were changed to include the notary's typewritten date of commission expiration.

Appellant complains that the change in the jurat; that is, the addition of the notary's typewritten commission ex-

piration date, was made without his knowledge or consent. The record does not support his contention. A hearing on appellant's "Objection to the Record" was had on May 3, 1972, wherein one of appellant's attorneys called as a witness the other attorney for appellant. On direct examination he testified that he did not know that any changes had been made in the supporting papers. On cross-examination it was revealed (1) that he had been present at every hearing on the habeas corpus cause; (2) that he was present when his co-counsel made objections to the notary's jurat; (3) that he understood the reason the habeas corpus hearing was postponed from February to March was to allow the state to have time to amend the jurat; (4) that he was present on March 9, 1972, at the habeas corpus hearing at which time the information and affidavit, as changed, were introduced and admitted into evidence; and (5) that the information and affidavit as changed had been submitted to both attorneys for them to examine before they were admitted into evidence at the March 9th hearing.

We conclude that the affidavit and information supporting the Governor's Warrant, as amended, were properly admitted into evidence with the full knowledge of appellant.

■ Furthermore, the trial court properly ruled that the appellant was substantially charged with a crime as required by Article 51.13, (3), Vernon's Ann.C.C.P. An information and affidavit upon which a demand for extradition is based and their sufficiency as a criminal pleading, unless clearly void, will be left to the courts of the demanding state. Ex parte Harry, Tex.Cr.App., 482 S.W.2d 197, Ex parte Corley, Tex.Cr.App., 439 S.W.2d 668; Ex parte Powers, Tex.Cr.App., 391 S.W.2d 413; Ex parte Gesek, 164 Tex.Cr.R. 652, 302 S.W.2d 417.

■ Appellant also complains of the affidavit because there is no showing it was made before a magistrate. Article 51.-13(3), V.A.C.C.P., states in part:

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, * * * that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and *accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, * * *.*" (Emphasis supplied.)

This court, in Ex parte Binette, Tex.Cr.App., 465 S.W.2d 373, passing upon the language of the statute, quoted from Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755, and stated:

"We have concluded that the demand * * * does not require the affidavit * * * to be made before a magistrate."

See also Ex parte Wammack, Tex.Cr.App., 482 S.W.2d 859.

■ The Executive Warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing the remand of appellant to the custody of the Tarrant County Sheriff for extradition. Ex parte Leach, Tex.Cr.App., 478 S.W.2d 471; Ex parte Binette, supra; Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833.

No motion for rehearing will be entertained nor filed by the Clerk except by leave of this court after good cause has been shown.

The judgment is affirmed.