**Ex parte Bill Warren SCHMIDT.**

**No. 47519.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Rehearing Denied Oct. 31, 1973.

David J. Nagle, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal following a habeas corpus hearing in the 182nd District Court, which resulted in an order that appellant be remanded to custody for delivery to California, pursuant to an executive warrant issued by the Governor of Texas.

■ The warrant, which was introduced into evidence, appears regular on its face. This fact made out a prima facie case authorizing the extradition of appellant. See Ex Parte Dumas, 487 S.W.2d 753 (Tex.Cr. App.1972); Ex Parte Goodman, 485 S.W. 2d 785 (Tex.Cr.App.1972); Ex Parte Bowman, 480 S.W.2d 675 (Tex.Cr.App.1972).

Appellant now raises four complaints regarding the hearing. Three relate to the supporting papers, which were also introduced, and the fourth relates to the identity of appellant.

■ Appellant's first complaint is that the California pleadings are not sufficient to support the issuance of a warrant by the State of California, and hence are insufficient to support the issuance of the executive warrant by the Governor of our State. Whether the pleadings from the demanding state are sufficient to support a criminal prosecution in that state is not an issue before this Court if a crime has been substantially charged. See Ex Parte Weiner, 472 S.W.2d 773 (Tex.Cr.App.1971).

■ Appellant next asserts that the pleadings show, on their face, that the Cal-

**146**

ifornia statute of limitations has run on all the offenses charged. This Court has dealt with a similar contention in the past, and in that case we held that this was a matter of defense which should be decided in the courts of the demanding state. Ex Parte Ward, 470 S.W.2d 684 (Tex.Cr. App.1971).

■ Appellant's third complaint is that the California requisition was signed by the "Acting Governor" and that the State did not show that such a person had authority to sign the requisition. Since the State had made out a prima facie case by its introduction of the executive warrant, the burden of proof was upon the appellant to overcome the prima facie existence of every fact which the Governor of Texas was obliged to determine before he issued his warrant. This burden included the necessity of showing that the "Acting Governor" of California was without authority to sign the requisition. Ex Parte Fant, 400 S.W.2d 332 (Tex.Cr.App.1966).

■ The fourth contention raised by appellant is that he put his identity, as the person named in the warrant, in issue by a sworn denial and that the State then brought forth no proof to contradict his denial. The record reflects that appellant introduced an affidavit worded in the following fashion:

> "This Affidavit is executed for the purpose of *denying* under oath that the person before this Court . . . *is not the same* Bill Warren Schmidt named in the requisition from the State of California. . . " (Emphasis added)

As will be observed, the affidavit contains, in effect, a double negative, the consequence of which is to confirm appellant's identity as the person named in the requisition, rather than to deny it. In view of the fact that appellant did not properly raise the issue of his identity, we conclude that there was no error. See Ex Parte Connelly, 479 S.W.2d 943 (Tex.Cr.App. 1972).

The order remanding appellant to custody for extradition is affirmed.

MORRISON, Judge (concurring).

I join in affirming the order remanding appellant to custody. Appellant testified and did not deny that he was the person named in the Executive Warrant. He may not now on appeal contend that he put his identity in issue.