**Ex parte Jack William HAGGARD.**

**No. 47714.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

———◆———

Jerry R. Birdwell, Dallas, for appellant.

Tim Curry, Dist. Atty. and Howard M. Fender, Asst. Dist. Atty., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Maryland.

At the habeas corpus hearing the Executive Warrant of the Honorable Dolph Briscoe, Governor of the State of Texas, was introduced; it recites that the appellant "stands charged by indictment for the offense of bigamy in violation of Article 27, Section 18, Annotated Code of Maryland." The appellant offered no evidence.

The Executive Warrant regular on its face is sufficient to make a prima facie case and in the absence of other evidence is sufficient to support the order remanding the appellant to custody for extradition. See, e. g., Ex Parte Jetter, 495 S.W. 2d 925 (Tex.Cr.App.1973); Ex Parte Dumas, 487 S.W.2d 753 (Tex.Cr.App.1972); Ex Parte Goodman, 485 S.W.2d 785 (Tex. Cr.App.1972); Ex Parte Case, 485 S.W.2d 561 (Tex.Cr.App.1972); Ex Parte Matthews, 485 S.W.2d 273 (Tex.Cr.App.1972), and the many cases collated in 17A West's Texas Digest, Extradition, ☜36.

The appellant's contention that the State must introduce the supporting papers and other evidence is without merit. See Ex Parte Kronhaus, 410 S.W.2d 442 (Tex.Cr.

App.1967) holding that the State is not required to introduce the demand or requisition papers. Cf. Ex Parte Gideon, 493 S. W.2d 156 (Tex.Cr.App.1973).

The judgment is affirmed.

Opinion approved by the Court.