837 S.W.2d 413 (1992)
Ex parte Barry Robin BENTLEGUEST, Appellant,
v.
The STATE of Texas, Appellee.
No. 04-92-00174-CR.
Court of Appeals of Texas, San Antonio.
August 19, 1992.
*414 Mark McKay, San Antonio, for appellant.
Steven C. Hilbig, Criminal Dist. Atty., Brenda Levenstein, Edward F. Shaughnessy, III, Assistant Criminal Dist. Attys., San Antonio, of appellee.
Before REEVES, C.J., and CHAPA and GARCIA, JJ.

OPINION
CHAPA, Justice.
Appellant, Barry Robin Bentley-Guest, was arrested in Texas for the charge of defrauding an innkeeper in the State of Florida. He appeals an order entered in a habeas corpus hearing which granted the extradition of appellant to the State of Florida.
The issues before this court are:
1) whether the trial court should have denied the extradition request because the State of Florida used a criminal proceeding to enforce the collection of a debt, as appellant claims;
2) whether the trial court should have required the state to prove that "defrauding an innkeeper" is a crime before it granted the extradition order.
The record reveals that appellant stayed at the Langford Hotel in Orlando, Florida, in early 1991 for several weeks. Some time after his stay, the hotel discovered that the credit card and checks which he used initially lacked sufficient credit or funds. Appellant promised to settle the bill with the hotel by May 3, 1991, but failed to make the payment. The hotel then locked appellant out of his room on May 6, 1991. Appellant was arrested and charged with "defrauding an innkeeper" under Florida's criminal statutes in the amount of $4,405.75.
After he was released on bond, appellant came to Texas. A governor's warrant was issued for appellant's arrest and extradition upon the requisition of the Governor of Florida. After his arrest here, appellant applied for a writ of habeas corpus. A hearing was held on March 16, 1992, during which the trial court denied appellant's writ and ordered him to be extradited to Florida.
Appellant first argues that his dispute with the Langford Hotel is a civil matter. He asserts the Uniform Criminal Extradition Act is improperly being used by the State of Florida to extradite him for a noncriminal matter. In support of his claim, he points out that application for requisition from Florida reads in pertinent part that "[it] is not made for the purpose of enforcing the collection of a debt, or for any private purpose whatsoever."
Under the Uniform Criminal Extradition Act, the indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the laws of the demanding state. Tex.Crim. ProcCode Ann. art. 51.13, § 3 (Vernon 1979). An individual may be extradited by the asylum state to the demanding state when he is charged with a felony. Ex parte Posey, 453 S.W.2d 833, 835 (Tex. Crim.App.1970).
The governor's warrant is not defective simply because the application for requisition claims as a matter of form that it was not issued to enforce a civil or private claim. The governor's warrant expressly alleges appellant has committed a crime. The record also contains a warrant for appellant's arrest in Florida, an information charging appellant with a crime, a supporting *415 affidavit, and a probable cause determination by a Florida judge. The information also identifies the crime charged by its statute number.[1] Appellant's nonpayment of a hotel bill is apparently only one of the facts behind a crime which the State of Florida intends to prove.
As long as the warrant appears regular on its face, a prima facie case has been established authorizing extradition. Ex parte Schmidt, 500 S.W.2d 144, 145 (Tex. Crim.App.1973); Ex parte Waddle, 482 S.W.2d 647, 647 (Tex.Crim.App.1972). This point is rejected.
As to his second claim, appellant argues that the State must prove that he is in fact being charged with a crime before granting an extradition request. The State responds by citing the Florida statute to which appellant is charged and asks this Court take judicial notice that "defrauding an innkeeper" is a crime under Florida law.
It is well settled that a habeas corpus proceeding is not a trial on the merits, but rather a hearing on the governor's warrant. Ex parte Scarbrough, 604 S.W.2d 170, 173 (Tex.Crim.App.1980). If the warrant is introduced and regular on its face, the State has made a prima facie case authorizing extradition. Ex parte Mackerman, 376 S.W.2d 350, 351 (Tex. Crim.App.1964). The trial court does not look behind the governor's warrant to the demanding State's cases and statutes if the warrant is valid on its face. Myer v. State, 686 S.W.2d 735, 738 (Tex.App.San Antonio 1985, pet. ref'd).
Appellant is asking this Court to look behind the warrant. This is not the role of this Court. Unless an accusation is clearly void, the question of validity is on the demanding state. We see nothing in the record which suggests that the charge is invalid. It sufficiently asserts appellant has committed a crime in Florida. Therefore, this point is also rejected.
The judgment is affirmed.
NOTES
[1] FLASTATE.ANN. $ 509.11(West Supp.1992).