99-00494 Ex parte Pena.wpd



No. 04-99-00494-CR


EX PARTE Steve PENA





From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 99-W-0119


Honorable Sam Katz, Judge Presiding


Opinion by: Sarah B. Duncan, Justice

Sitting: Tom Rickhoff, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: January 26, 2000

AFFIRMED

 Steve Pena was convicted of sexual battery in the State of Florida and placed on probation.
Alleging Pena violated his probation and was a fugitive, the Governor of the State of Florida made
a demand for extradition, and the Governor of Texas issued a warrant. Pena was arrested pursuant
to the Governor's warrant and he now appeals the trial court's order denying habeas corpus relief
from extradition. We affirm.

 Pena's first three points of error are based on his contention that the record does not contain
a referral of the matter to the magistrate or a copy of the governor's warrant. However, a
supplemental clerk's record contains an order signed by district judge Sam Katz directing the
magistrate to issue the writ of habeas corpus and to conduct a habeas corpus hearing. The governor's 

warrant was admitted into evidence at the habeas corpus hearing and is included in the exhibits filed
by the court reporter. Pena's first three points of error are overruled. 

 In his fourth point of error, Pena contends the evidence did not warrant the order of
extradition because the State failed to establish (1) the demand from the governor of the State of
Florida was signed by a person with authority and (2) appellant was the person named in the
Governor's warrant. We disagree.

 The State makes a prima facie case for extradition by introducing into evidence a governor's
warrant that is regular on its face. Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); Ex
parte Mitchell, 859 S.W.2d 83, 84 (Tex. App.--San Antonio 1993, no pet.). The burden is then on
petitioner to show the warrant was not legally issued, it was not based on proper authority, its recitals
are inaccurate, or to raise an issue of identity. Cain, 592 S.W.2d at 362; Ex parte Scarbrough, 604
S.W.2d 170, 174 (Tex. Crim. App. [Panel Op.] 1980).

 Pena first contends the governor's warrant does not support extradition because the demand
from the State of Florida was not executed by the Governor of Florida or by someone with authority
to perform his executive functions. See Tex. Code Crim. Proc. Ann. art. 51.13 §§ 1, 3 (Vernon's
1979). Because the State introduced the Texas Governor's warrant, which appears regular on its face,
the burden was on Pena to prove the person who signed the demand was without authority. Ex parte
Schmidt, 500 S.W.2d 144, 146 (Tex. Crim. App. 1973). The extradition demand from the State of
Florida, which was included in the extradition packet introduced into evidence, contains the
signature of Jeb Bush, Governor, "By: Susan L. Smith Extradition Coordinator On behalf of and by
the authority of Governor Jeb Bush." The packet also includes a certified copy of a letter signed by
Governor Jeb Bush designating "Susan Smith" as a person officially authorized to sign on his behalf.
Pena argues he established the warrant was not based on proper authority because there was no
evidence that "Susan Smith" and "Susan L. Smith" are the same person. However, it was Pena's
burden to establish they are not the same person, and he failed to do so. See id.; Ex parte Fant, 400
S.W.2d 332 (Tex. Crim. App. 1966).

 Pena next argues there is no evidence that he is the person named in the extradition papers.
Pena had the burden of raising an issue of identity, either in his pleadings or by testimony. Ex parte
Scarbrough, 604 S.W.2d at 174-75; Ex parte Martinez, 530 S.W.2d 578, 579 (Tex. Crim. App.
1975). By failing to deny he was the person alleged in the extradition papers to be a fugitive from
Florida, either in his application for habeas relief or through the testimony of witnesses, Pena failed
to raise the issue of identity. See Scarbrough, 604 S.W.2d at 174-75; Ex parte Connelly, 479 S.W.2d
943, 944 (Tex. Crim. App. 1972). However, assuming the issue was raised, the State established
identity. State's exhibit one contained certified and authenticated copies of Florida court records,
including a judgment against "Stele Pena" for sexual battery in Cause No. 90-09286, an affidavit of
violation of probation by "Steve Pena" in Cause No. 90-09286, a warrant for the arrest of "Steve
Pena" for violation of probation in the same cause number, a photograph, and a fingerprint card for
Steve Pena. A Bexar County Sheriff's Department officer testified he received the warrant and
extradition packet containing a photograph of the person alleged to be a fugitive and identified the
person in the photograph as petitioner. A fingerprint identification expert testified she compared the
fingerprints of "Steve Pena" contained in the extradition packet with prints she took of petitioner and
that the prints matched. We therefore overrule Pena's fourth point of error and affirm the trial court's
order. 

 Sarah B. Duncan, Justice

DO NOT PUBLISH