### EX PARTE LEON HENSLEY.

No. 21201. Delivered October 30, 1940.
Rehearing Denied December 18, 1940.

The opinion states the case.

*Cox & Cox,* of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator filed an application with the District Judge of the Fifteenth Judicial District Court of this State, at Sherman, in which he alleged that he was about to be restrained of his liberty illegally by one W. O. Taylor, a designated agent for the State of Oklahoma, for the purpose of being removed from this State to Oklahoma. He set forth in this application many reasons why he should not be turned over to said agent, and closed with a request that the court issue a warrant for relator's arrest in order that he might be brought before the trial court and the legality of such detention inquired into.

The court set the matter down for a hearing at a future date, and did issue a warrant to the sheriff of Grayson County, which warrant was executed, and relator was by such sheriff taken into custody, and on February 24, 1940, a hearing was had on such application, and the said application was refused by the trial court, and relator was ordered held by the sheriff to be delivered to W. O. Taylor, the Oklahoma agent.

Proper notice of appeal was given and entered, and same is brought here for review.

The statement of facts shows that on October 5, 1939, in Grayson County, Texas, a complaint was filed charging relator with being a fugitive from justice from Oklahoma, and under such a complaint a warrant was issued for his arrest, and upon a hearing before a proper officer, relator was remanded to the custody of the sheriff of Grayson County, the order providing for his enlargement upon bail in the sum of $750.00.

The facts further show that for a period of ninety days from October 5th relator was not arrested under a warrant from the Governor of this State, and we therefore gather from the record that he was discharged by the operation of Art. 1003, C. C. P. However, immediately after the expiration of the ninety days from October 5, 1939, on February 8, 1940, the Governor of this State did issue his warrant commanding the arrest of relator and his delivery to W. O. Taylor to be taken back to the demanding State. This was in accordance with the statute as shown in Art. 1004, C. C. P. as follows: "A person who has once been arrested under the provisions of this title and discharged under the provisions of the preceding article or by habeas corpus shall not be again arrested upon a charge of the same offense, except by a warrant from the Governor of this State."

There is no complaint made of either the manner or the form of the Governor's warrant, but it is contended that on account of the fact that the State of Oklahoma failed to take possession of relator during the time he was held under the warrant of the justice of the peace as a fugitive from justice, that he could not again be apprehended for the same alleged offense, but that he was at the end of the ninety day period, set forth in Art. 1003, C. C. P., entitled to his discharge.

This above statement is true in so far as it relates to being again held as a fugitive from justice, by virtue of Art. 1004, C. C. P., but that same article further provides: "* * * except by a warrant from the Governor of this State." As we have already indicated, we find present herein a warrant from the Governor of this State ordering relator's arrest.

In relator's brief he requests this court to set aside the judgment of the trial court remanding him to the custody of the sheriff of Grayson County, to be delivered to the Oklahoma agent, and that this court strike this cause from the docket of the trial court and of this court, leaving this cause to take the course of a dismissal. This we decline to do. Relator himself requested that a warrant be issued for his arrest, and such was done, and he voluntarily submitted himself to the jurisdiction of the trial court under his application for a writ of habeas corpus. The sheriff arrested him and brought him into court, and the trial court, upon a hearing, refused to grant such writ of habeas corpus, refused to discharge relator as prayed for by him, and remanded him to the custody of the sheriff to be turned over to the Oklahoma authorities. The requisition of the Governor of Oklahoma seems to be in proper and legal form, and the Governor of Texas' writ also seems to be in proper and legal form, and it is our opinion that the trial court entered the proper order in this cause.

The judgment of the trial court is therefore affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing relator asserts that the offense with which he was charged in Oklahoma and upon which the application for requisition was based charged him with a misdemeanor only, and that he is not subject to extradition upon a misdemeanor charge. We do not discuss or express an opinion upon the question as to whether relator could be extradited upon

a misdemeanor charge, but upon that point cite Ex Parte Bergman, 60 Texas Cr. R. 8, and Ex Parte Mendell, 92 Texas Cr. R. 321, 244 S. W. 146.

In Harlow's Oklahoma Statutes of 1931, Section 2216 provides that homicide is murder: " * * * When perpetrated by any act imminently dangerous to others and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual."

Section 2222 fixes the punishment for murder at death or imprisonment in the penitentiary for life, at the discretion of the jury.

Section 2220 provides: "Homicide perpetrated by an act imminently dangerous to others and evincing a depraved mind, regardless of human life, is not the less murder because there was no actual intent to injure others."

Section 2228 provides: "Every killing of one human being by the act, procurement or culpable negligence of another, which, under the provisions of this chapter, is not murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

For the construction of Section 2228 by the Criminal Court of Appeals of Oklahoma we refer to Sprouse v. State, reported in 3 Pac. Rep. (2d) 918.

By Section 2234 every person guilty of manslaughter in the second degree is punishable by imprisonment in the penitentiary for not more than four years and not less than two years, or by imprisonment in the county jail not exceeding one year, or by a fine not exceeding one thousand dollars, or by both fine and imprisonment.

The complaint upon which the extradition writ was requested alleges that relator did: "* * * unlawfully, wrongfully, knowingly, wilfully and feloniously without authority of law, in a manner *eminently* dangerous, and with a reckless disregard of human life, and without due regard to the subsequent consequences of his acts, grossly neglecting to use ordinary precaution in that he was driving at such a rate of speed that he could not properly guide and control his automobile, and failing to keep a proper outlook and to observe the course of his automobile so as to avoid a collision with the deceased, and failing to observe due caution and *and* circumspection or to sound any kind of warning, make an assault in and upon one Malcolm Ray May

with a certain 1932 Plymouth coupe automobile, which said automobile was then and there had and held in the hands of him, the said Leon Hensley, and the said Leon Hensley did then and there with said automobile so had and held as aforesaid, unlawfully, wrongfully, recklessly, wantonly and feloniously, without authority of law, and with a reckless disregard of human life, and grossly neglecting to use ordinary precaution, in a cruel and unusual manner strike, injure and would the said Malcolm Ray May, then and there and thereby inflicting certain mortal wounds in and upon the body of the said Malcolm Ray May, of which said mortal wounds so inflicted so aforesaid, the said Malcolm Ray May did linger, suffer and on the 30th day of September, 1939, die * * *."

In view of the averments in the complaint and the Oklahoma statute referred to we see no basis for relator's contention that he was charged with a misdemeanor.

The motion for rehearing is overruled.