## EX PARTE LEWIS ROBERTSON.

No. 24090. Delivered April 28, 1948.

*John D. Raffaeli* and *George F. Edwardes,* both of Texarkana, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator is charged with a felony, grand theft, in Los Angeles County, California, alleged to have been committed on November 19, 1947; and being apprehended in Texarkana, Texas, the Governor of California caused to be issued his request for the extradition of relator to the State of California to answer the complaint of Mary Rogers, the person alleged to be injured by the charged theft. Upon a hearing of this matter before the Governor of Texas on December 22, 1947, the request of the California authorities was granted and the Governor of Texas issued his warrant authorizing C. R. Smith to take relator back to California. Thereafter, relator sued out his writ of habeas corpus before Judge N. L. Dalby, Judge of the 102nd Judicial District Court of Texas, and upon a hearing thereon the judge remanded relator to the custody of Mr. Smith to be transported to the demanding state.

As stated in relator's brief, his contention was then, and is now, that he was not a fugitive from justice by reason of the fact that he purchased the automobile in question and could not be guilty of the theft of his own property. It is shown in the record that relator was in possession of an application for transfer of title of the automobile in question, signed by the. complaining witness, and he therefore claims that the automobile, which is the basis of the charge of grand theft, was his own and he could not steal from himself; that therefore, having committed no crime, relator was not a fugitive at the time he left California and is not now a fugitive; that not being guilty of grand theft, he did not flee from the demanding state.

The decisions are numerous and can be found in Volume 17, Permanent Edition of Words and Phrases, pages 752, et seq., holding in effect that it is not necessary that one be conscious of wrongdoing and had fled the consequences therefrom before he can be a fugitive from justice.

In Ex Parte Morris, 131 Tex. Cr. R. 596, 101 S. W. (2d) 259, we quoted from numerous U. S. Supreme Court decisions holding in effect that if a person was present in the demanding

state at the time it is alleged an offense was committed and leaves that state thereafter for any reason, whether connected with the alleged offense or not, and is found in the asylum state, he is a fugitive from justice and subject as such to extradition.

In Vol. 17, Words and Phrases, supra, page 763, it is said: "The belief of the accused, when leaving the demanding state, that he had not committed any crime against the laws of that state, does not prevent his being a fugitive from justice within the meaning of the provision of U. S. C. A. Const. Art. 4, sec. 2, and Rev. St., sec. 5278, 18 U. S. C. A. sec. 662, relating to extradition proceedings. Appleyard v. Commonwealth of Massachusetts, 27 S. Ct. 122, 123, 203 U. S. 222, 51 L. Ed. 161, 7 Ann. Cas. 1073."

It appears from the record that relator is properly charged with a criminal offense in California on a date when he was there present and that he is presently in Texas; that the Governer of California has properly requested that the Governor of Texas grant an extradition warrant awarding custody of the relator to C. R. Smith, agent for California. All proceedings appearing to be in regular and proper form, Governor Jester of Texas granted such request and issued his warrant, and we think the same was the proper exercise of executive power and no error is shown in such action. The trial court, upon a hearing hereon, remanded relator under such warrant and we express the opinion that such ruling was correct.

The judgment will therefore be affirmed.