Ex Parte Jesse Steel.

No. 24892. May 24, 1950.
State's Motion for Rehearing Denied June 21, 1950.

*Power, McDonald and Mell,* Tyler, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

A complaint was filed before a justice of peace of Smith County, charging that appellant was a fugitive from justice from the State of Indiana. A warrant of arrest based on this complaint directed the officers to apprehend and bring appellant before the magistrate. A hearing was had on the 27th day of January, 1950, and based on the evidence there introduced, the justice of the peace committed the appellant to jail to await requisition from the Governor of Indiana. Appellant was at that time released on bond. This proceeding was brought under Article 1001, C.C.P.

An attack on this order of the justice of peace was made by filing petition for writ of habeas corpus before the Judge of the 7th Judicial District Court of Smith County. A hearing was had by the district judge on the 1st day of February, 1950. As we understand the record, no requisition had been presented

from the Governor of the State of Indiana to the Governor of the State of Texas. At the conclusion of the hearing the Judge of the 7th District Court remanded the relator to the custody of the sheriff of Smith County to be delivered by the sheriff to the proper officers of the State of Indiana for removal from this state to the State of Indiana to answer the charge alleged to be against him there. This order was suspended, however, during the pendency of this appeal.

The district judge had no authority to order relator delivered to any officer or other person from the State of Indiana. No greater effect can be given to his order than that it denied the attack made on the order of the justice of the peace holding relator for a period of ninety days. That ninety days has now expired. Consequently, the order of the justice of the peace has no effect at this time to hold the appellant. If legal procedure has not come from the Governor of the State of Indiana to the Governor of the State of Texas, and if he has not been arrested by virtue of such procedure, appellant is entitled to his release.

Any question as to the validity of the order which the justice of the peace made is now moot and it will not be necessary for us to discuss its validity. In the event appellant is still being held by reason of the order of the justice of the peace and that of the district judge, his release should be directed and such is the order of this court. No further action will be taken in this appeal than to direct that a mandate issue directing the release of the appellant.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

We remain convinced that relator was entitled to be discharged upon the expiration of ninety days after his commitment by the magistrate.

Under the provisions of Art. 1004, C.C.P., relator may not again be arrested upon a charge of the same offense, except by a warrant from the Governor of this State.

The state's motion for rehearing is overruled.

Opinion approved by the Court.