**Ex parte James CRAVENS.**

**No. 41834.**

Court of Criminal Appeals of Texas.

Jan. 29, 1969.

the appellant to custody for extradition to the state of Illinois.

◼ The executive warrant issued by the Governor of Texas, which appears regular on its face, was introduced in evidence. It is recited in the warrant that the appellant stands charged by indictment and capias with the crime of forgery committed in Illinois. The warrant further recites that the Illinois demand is accompanied by authenticated copies of the indictment and capias.

The warrant made a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Short, Tex.Cr.App., 423 S.W.2d 328; Ex parte Lokatys, Tex.Cr.App., 430 S.W.2d 505.

◼ Appellant contends that he is illegally confined by virtue of the Executive Warrant for the reason that the fugitive warrant upon which he was originally arrested failed to specify the period of commitment to await extradition papers from Illinois and that he was never recommitted on the fugitive warrant. Art. 51.13, Secs. 15 and 17, Vernon's Ann.C.C.P.

It is undisputed that the fugitive warrant issued and executed May 6, 1968, did not specify the period of commitment and that appellant was never recommitted. The extradition warrant was issued July 10, 1968, and executed July 12, 1968; and the hearing in this cause was held August 7, 1968.

The issuance and execution of the Texas Governor's Warrant and the present custody of the appellant by virtue thereof renders moot the complaint as to confinement by virtue of the fugitive warrant. Ex parte Steel, 155 Tex.Cr.R. 93, 230 S.W.2d 233, 821; Ex parte Thompson, Tex.Cr.App., 417 S.W.2d 169; Ex parte Preston, 434 S.W.2d 136.

The judgment is affirmed.

DOUGLAS, J., not participating.

---

Ken Griffin, Odessa, for appellant.

Jack Q. Tidwell, Dist. Atty., Bruce Bangert, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding