Ex parte George Leslie **WORDEN**.

No. 47854.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

Frederick J. Griffin, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Bruce Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a habeas corpus proceeding remanding the petitioner to custody for extradition to the State of Michigan.

The petitioner urges three contentions on this appeal. His first is that the record does not reflect that a judgment of conviction or sentence was presented to the Governor of this State as required by Art. 51.-13, Vernon's Ann.C.C.P. This contention is without merit. An examination of the Executive Warrant's supporting papers, included with this record, reveals that an authenticated copy of the Michigan sentence is present.

Petitioner's second contention is that he is being held illegally under a fugitive arrest warrant, because there is no showing in the record that he was arrested under the Governor's Warrant. He urges that he should be discharged because he has been held more than ninety days under the fugitive arrest warrant. See Art. 51.07, V.A. C.C.P.

The record reflects that the petitioner was arrested under a warrant issued on a fugitive complaint filed on May 4, 1973. Bond was set on May 4, and a hearing was scheduled for August 3, 1973. The Governor's Warrant and its supporting papers were received by the Potter County Sheriff's Office on July 3, 1973, and were introduced at the August 3, 1973, hearing. At that time, the petitioner filed his application for a writ of habeas corpus. A hearing was held on this application on August 7, 1973.

At the August 7 hearing the State introduced the Executive Warrant and its supporting papers. Petitioner was identified as the person named therein by fingerprint comparison. The petitioner made no objection to the admission into evidence of the warrant and supporting papers and presented no evidence. At a rehearing on August 16, 1973, he presented two witnesses on an issue not raised in this appeal. However, he produced no evidence, at either hearing, on the issue of whether the Executive Warrant had ever been executed.

This Court has often held that the issuance of the Governor's Warrant renders moot any complaint arising from confinement under a fugitive warrant. See Ex Parte Williams, 472 S.W.2d 779 (Tex. Crim.App.1971) and Ex Parte Hensley, 140 Tex.Cr.R. 450, 145 S.W.2d 573 (1940); and compare Ex Parte Cravens, 436 S.W. 2d 350 (Tex.Crim.App.1969); Ex Parte Preston, 434 S.W.2d 136 (Tex.Crim.App. 1968); Ex Parte Thompson, 417 S.W.2d 169 (Tex.Crim.App.1967); and Ex Parte

Powers, 391 S.W.2d 414 (Tex.Crim.App. 1965).

 In the instant case, when the State introduced the Executive Warrant and its supporting papers, a prima facie case in support of the extradition was made. See ex Parte Dumas, 487 S.W.2d 753 (Tex.Crim.App.1972) and Ex Parte Goodman, 485 S.W.2d 785 (Tex.Crim.App. 1972). Thereupon, the burden shifted to the petitioner to detract from the legality of his arrest. See Ex Parte Tine, 432 S. W.2d 77 (Tex.Crim.App.1968). Petitioner made no effort to produce evidence showing that the Governor's Warrant was not executed. · He had voluntarily placed himself under the jurisdiction of the court at the habeas corpus hearing, and the Executive Warrant, commanding his arrest, was before the court.

In a somewhat similar case, this Court held that a petitioner should be discharged when held more than ninety days under a fugitive warrant. However, in that case, no requisition from the demanding state had been received and the Executive Warrant of the Governor of Texas had not issued and was not before the court. See Ex Parte Steel, 155 Tex.Cr.R. 93, 230 S. W.2d 233 (1950).

Additionally, this Court has held that no error occurred when a fugitive was confined for ninety days under a fugitive warrant, without arrest under an Executive Warrant, and was subsequently arrested under an Executive Warrant which issued more than one month later. See Ex Parte Hensley, supra.

 The issuance of the Executive Warrant in the instant case rendered appellant's complaints with regard to detention under the fugitive warrant moot.

This discussion also disposes of petitioner's third complaint regarding detention in excess of thirty days under Art. 51.13, Sec. 15, V.A.C.C.P. See Ex Parte Cravens, supra, and cases there cited.

We have also read and considered the contentions raised in petitioner's pro se brief and have found them to be without merit.

The judgment is affirmed.