Walter Harlan ECHOLS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–00786–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 16, 1991.

Rehearing Overruled June 6, 1991.

Henry L. Burkholder, III, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a denial of appellant's application for writ of habeas corpus. In his application, appellant sought to attack his extradition to the State of Colorado. After a hearing, the trial court denied appellant's application. In two points of error, appellant alleges that he received ineffective assistance of counsel and that the trial court erred in denying his application because he established that his life would be endangered by extradition to the State of Colorado. We affirm.

In his first point of error, appellant contends he received ineffective assistance of counsel prior to the hearing on his application because his first attorney failed to secure his release from custody when the State did not obtain a correct governor's warrant for his extradition to Colorado within 90 days of his arrest. The State argues that the point is moot because ap-

pellant eventually was served with a valid governor's warrant.

■ An accused is entitled to reasonably effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Moore v. State,* 700 S.W.2d 193, 205 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986). However, this does not mean that the accused is entitled to errorless or perfect counsel. *Id.* To determine whether an accused's trial counsel is ineffective, the accused must show that counsel's performance was not reasonably effective and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

■ The Texas Code of Criminal Procedure provides that a person confined under a fugitive warrant be discharged from custody if a governor's warrant is not received within 90 days of confinement. TEX.CODE CRIM.PROC.ANN. art. 51.13 §§ 15, 17 (Vernon 1979). However, the court of criminal appeals has held that the issuance of a valid governor's warrant renders moot any complaint arising from confinement under a fugitive warrant, including detention in excess of the statutory period. *See Ex parte Worden,* 502 S.W.2d 803, 804–05 (Tex.Crim. App.1973); *Ex parte Hensley,* 140 Tex. Crim. 450, 145 S.W.2d 573, 574 (1940).

■ The record reflects that appellant was arrested as a fugitive from justice on January 9, 1990. Appellant contends that a governor's warrant, authorizing his return to the State of Oklahoma, was issued on March 21, 1990. However, this warrant is not part of the record before this court. On April 12, 1990, another warrant was issued authorizing appellant's extradition to the State of Colorado.

We find that the issuance of the valid governor's warrant rendered moot appellant's complaint regarding his detention in excess of the statutory 90–day period. We overrule appellant's first point of error.

■ In his second point of error, appellant contends that the trial court erred in denying habeas corpus relief because he

established that the Colorado authorities could not keep him safely confined. The State argues that this issue was not properly before the trial court and should be reserved for presentation to the courts of the State of Colorado.

The United States Supreme Court has held that

[o]nce the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). Further, the purpose of habeas corpus review of an extradition proceeding is not to inquire into the validity of the prosecution or confinement in the demanding state; rather, the sole purpose is to test the legality of the extradition proceedings. *Ex parte Geringer,* 778 S.W.2d 132, 134 (Tex.App.— Houston [1st Dist.] 1989, no pet.).

■ Whether appellant can be safely confined by the Colorado authorities is not for the courts of this state to decide. This issue is reserved to the courts of the State of Colorado. *Cf. Ex parte Gideon,* 493 S.W.2d 156, 157 (Tex.Crim.App.1973) (whether petitioner was placed in double jeopardy under laws of demanding state is not a question for courts of asylum state to decide); *Ex parte Horsley,* 460 S.W.2d 906, 907 (Tex.Crim.App.1970) (whether petitioner was denied right to speedy trial was not proper question for courts of asylum state). We overrule appellant's second point of error.

Accordingly, we affirm the denial of appellant's application for writ of habeas corpus.