Ex parte Guadalupe Chavez














NUMBER 13-03-00692-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

EX PARTE GUADALUPE CHAVEZ
                                                                                                                      

On appeal from the 343rd District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellant, Guadalupe Chavez, brings this appeal following the trial court’s denial of
his petition for writ of habeas corpus challenging extradition. We affirm.
A. Anders Brief
          Appellant’s attorney has filed a brief with this Court asserting there is no basis for
appeal. See Anders v. California, 386 U.S. 738, 744 (1967). According to the brief,
counsel has reviewed the clerk’s record and reporter’s record and has concluded that this
appeal is wholly frivolous and without merit. See id. The brief meets the requirements of
Anders as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978), counsel has carefully discussed why, under the controlling authorities,
there are no errors in the trial court’s order denying habeas corpus relief. In the brief,
appellant’s counsel states that he has informed appellant of his right to review the
appellate record and to file a pro se brief. No such brief has been filed.
B. Examination of Proceedings
          Upon receiving a “frivolous appeal” brief, the appellate courts must conduct “a full
examination of all the proceedings to decide whether the case is wholly frivolous.” Penson
v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.–Corpus Christi 2004, no pet.).
          The record shows that a Texas governor’s warrant was issued on October 3, 2003,
authorizing appellant’s arrest and return to the State of Illinois. On October 15, 2003,
appellant filed a petition for writ of habeas corpus, claiming he was illegally confined in
excess of the period allowed by the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 51.13, §§ 15,17 (Vernon Supp. 2004). The trial court heard the
petition on October 20, 2003, and denied appellant’s request for relief.
          A court considering whether to grant or deny a petitioner's writ of habeas corpus
challenging extradition can only decide whether: (1) the extradition documents on their
face are in order; (2) the petitioner has been charged with a crime in the demanding state;
(3) the petitioner is the person named in the request for extradition; and (4) the petitioner
is a fugitive. Michigan v. Doran, 439 U.S. 282, 289 (1978); State ex rel. Holmes v.
Klevenhagen, 819 S.W.2d 539, 543 (Tex. Crim. App. 1991). At the hearing, appellant did
not dispute these four requirements. In fact, appellant stipulated that the State of Texas
had met all four requirements.
          Appellant claimed only that he was illegally confined in excess of the period allowed
by the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 51.13, §§ 15,17
(Vernon Supp. 2004). However, the issuance of a valid governor’s warrant renders moot
any complaint arising from confinement under a fugitive warrant, including detention in
excess of the statutory period. Ex parte Worden, 502 S.W.2d 803, 804-05 (Tex. Crim.
App. 1973); Echols v. State, 810 S.W.2d 430, 431 (Tex. App.–Houston [14th Dist.] 1991,
no pet.). Thus, the trial court did not err in denying appellant’s request for habeas corpus
relief.
          We have carefully reviewed the appellate record and counsel’s brief. We find
nothing in the record that might arguably support this appeal. We agree with appellant’s
counsel that this appeal is wholly frivolous and without merit.
          We affirm the trial court’s order denying appellant’s petition for writ of habeas
corpus.
C. Anders Counsel
          An appellate court may grant counsel’s motion to withdraw filed in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed with request for
withdrawal from case). We note that counsel has not filed a motion to withdraw in this
case. If counsel wishes to file a motion to withdraw, he must file the motion no later than
fifteen days from the date of this opinion.
          We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. 
Crim. App. 1997) (per curiam).

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 
this the 12th day of August, 2004.