In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00063-CV
______________________________


SUE FANCHER, Appellant
 
V.
 
CITIBANK (SOUTH DAKOTA) N.A., Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 73089


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Sue Fancher, appellant, filed in this Court April 14, 2005, a document titled "Writ to
Render Final Judgment Void Request for Remedy Verification and Notice of Service,"
which we treated as a notice of appeal.
          Fancher has not filed a docketing statement with this Court, see Tex. R. App. P. 32,
nor has she paid a filing fee or made any claim of indigency. There is nothing in the record
to indicate Fancher has made efforts to have either the clerk's record or reporter's record
filed with this Court, and she has not filed a brief. On June 3, 2005, we contacted Fancher
by letter, giving her an opportunity to cure the various defects, and warning her that, if we
did not receive an adequate response within ten days, this appeal would be subject to
dismissal for want of prosecution. See Tex. R. App. P. 42.3(b), (c). 
          We have received no communication from Fancher. Pursuant to Tex. R. App. P.
42.3(b), we dismiss this appeal for want of prosecution. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 5, 2005
Date Decided:         July 6, 2005



at liberty interest requires notice and a meaningful opportunity to be heard. 
LaChance v. Erickson, 522 U.S. 262, 266 (1998); Ex parte Geiken, 28 S.W.3d 553, 560 (Tex. Crim.
App. 2000). In this case, Werne's liberty interests were denied in connection with the First
Application. (2) Werne asks this Court to recognize those errors in our review of the Second
Application and to penalize the trial court for its previous failures by directing that the State be
prohibited from enforcing the current Governor's warrant. The State suggests that we might instead
merely treat these as two separate proceedings and not consider one in reviewing the other. We
decline both invitations.

 We will not declare that there is no instance in which such an error might be so great as to
fatally corrupt a later proceeding. In this case, however, we do not so conclude. The error was
ultimately rectified, although at the cost of six unnecessary weeks in jail for Werne. That error,
however, has not contaminated the present proceeding, which involves a proper Governor's warrant
and arrest pursuant to that warrant. Cf. Lanz v. State, 815 S.W.2d 252, 254 (Tex. App.-El Paso
1991, no pet.).

 Even were we to find it proper to fully merge these two proceedings and apply the rule
controlling our review of harm resulting from error of constitutional magnitude, we would not find
reversible error. In such a review, we must reverse the judgment of the trial court unless we
determine beyond a reasonable doubt the error did not contribute to the conviction. (3) When
performing this analysis, the Texas Court of Criminal Appeals has held that the following factors
are to be considered: 1) the source of the error; 2) the nature of the error; 3) whether the error was
emphasized and its probable collateral implications; 4) the weight a juror would probably place on
the error; and 5) whether declaring the error harmless would encourage the State to repeat it with
impunity. Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990). No single factor is
dispositive. Instead, the existence and severity of these factors are indicative of the harm caused by
the improper conduct. Wilson v. State, 938 S.W.2d 57, 61 (Tex. Crim. App. 1996); Wead v. State,
94 S.W.3d 131, 137 (Tex. App.-Corpus Christi 2002, pet. granted).

 In this case, only the first and fifth factors are implicated by this analysis. The source of the
error was evidently the court itself. That alone is of substantial importance. The fifth factor is
whether declaring this behavior harmless would encourage the court to repeat it, confident that it
could do so with impunity. We are not convinced the trial court would choose to act in such a
fashion. The judicial system rests on our trial courts' timely and correct application of the law, and
in the absence of any indication that the error by this trial court was intentional, as opposed to
accidental or inadvertent, we are unwilling to assume the trial court would willfully ignore the law. 
We therefore find no harm.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 3, 2003

Date Decided: September 11, 2003
1. Our law permits someone who is incarcerated to file a pretrial application for writ of habeas
corpus. Tex. Code Crim. Proc. Ann. arts. 11.08, 11.09 (Vernon 1977). Once an application for
pretrial habeas corpus relief is filed, the trial court must schedule a hearing on the application for the
earliest day which the trial court can devote to a hearing on the application. Tex. Code Crim. Proc.
Ann. arts. 11.10, 11.11 (Vernon 1977). In the case of Werne's First Application, the trial court
waited more than two months between the time Werne filed his application and the time the trial
court conducted a hearing. We believe this two-month delay was presumptively unreasonable,
especially when Werne had been confined since September 2, 2002. The delay demonstrated an
abuse of discretion by the trial court in scheduling its docket. 

 Furthermore, our Legislature has mandated the release of any fugitive confined for more than
ninety days but not arrested pursuant to a warrant issued by the Governor of Texas. See Tex. Code
Crim. Proc. Ann. art. 51.07 (Vernon 1979). By the time the trial court conducted a hearing on
Werne's First Application, Werne had been an unwilling guest of the Titus County jail for more than
120 days. The record shows Titus County officials had not received a valid warrant issued by the
Governor of Texas on January 15, 2003. Accordingly, the trial court should have released Werne
without any restriction at the conclusion of the hearing. Tex. Code Crim. Proc. Ann. arts. 51.07,
51.08 (Vernon 1979); Ex parte Steel, 155 Tex. Crim. 93, 230 S.W.2d 233 (1950); see also Lanz v.
State, 815 S.W.2d 252, 254 (Tex. App.-El Paso 1991, no pet.). This, however, is not what the trial
court did; it instead placed Werne on a $5,000.00 personal recognizance bond with instructions not
to leave Titus County. Werne was rearrested on a Governor's warrant six days later.
2. Our law creates a liberty interest by requiring the release of an incarcerated individual unless
specific conditions are met. The trial court violated Werne's constitutional rights by failing to act
in a timely and appropriate manner in accordance with the statutory requirements, thus depriving him
of  his  liberty  without  due  process  of  law.  Ex  parte  Barnett,  600  S.W.2d  252,  254  (Tex.
1980); In re Butler, 45 S.W.3d 268, 270 (Tex. App.-Houston [1st Dist.] 2001, orig. proceeding).
3. Tex. R. App. P. 44.2(a).