ACCEPTED
03-15-00284-CR
7603984
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/29/2015 3:28:10 PM
JEFFREY D. KYLE
CLERK

# No. 03-15-00284-CR

In the Texas Court of Appeals
Third District, at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/29/2015 3:28:10 PM
JEFFREY D. KYLE
Clerk

**Leonard Ray Barker,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 331st District Court of Travis County
Cause Number D-1-DC-15-100034

## STATE'S BRIEF

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is not requested*

# Table of Contents

Index of Authorities ............................................................................................ ii

Statement of Facts ..............................................................................................1

Summary of the State's Argument ...................................................................... 2

Standard of Review ............................................................................................. 3

Argument ............................................................................................................. 3

   Reply Point One: The trial court did not abuse its discretion in finding that Appellant is a "fugitive." ............................................... 3

   Reply Point Two: Appellant is not entitled to release from custody. 5

Prayer .................................................................................................................7

Certificate of Compliance and Service ............................................................... 8

# Index of Authorities

### Cases

*Echols v. State*, 810 S.W.2d 430 (Tex. App.—Houston [14th Dist.] 1991, pet. denied) ............................................................... 6

*Ex parte Potter*, 21 S.W.3d 290 (Tex. Crim. App. 2000) .................... 5

*Ex parte Robertson*, 210 S.W.2d 593 (Tex. Crim. App. 1948) ............ 4

*Ex parte Sanchez*, 987 S.W.2d 951 (Tex. App.—Austin 1999, pet. ref'd, untimely filed) ............................................................... 4

*Ex parte Wall*, Nos. 02-11-00326-CR, 02-11-00517-CR, 2012 Tex. App. LEXIS 9652 (Tex. App.—Fort Worth 2012, no pet.) ............... 6

*Ex parte Worden*, 502 S.W.2d 803 (Tex. Crim. App. 1973) ............... 6

*Kniatt v. State*, 206 S.W.3d 657 (Tex. Crim. App. 2006) .................... 3

### Statutes

Tex. Code Crim. Proc. art. 51.03 ........................................................ 6

Tex. Code Crim. Proc. art. 51.05 ........................................................ 6

Tex. Code Crim. Proc. art. 51.07 ........................................................ 6

Tex. Code Crim. Proc. art. 51.13 ...................................................... 4, 6

Tex. Code Crim. Proc. art. 51.14 ........................................................ 4

### Constitution

U.S. Const. art. IV, § 2, cl. 2 ............................................................. 3

# No. 03-15-00284-CR

In the Texas Court of Appeals
Third District, at Austin

**Leonard Ray Barker,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 331st District Court of Travis County
Cause Number D-1-DC-15-100034

## STATE'S BRIEF

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief in response to Appellant's brief.

## Statement of Facts

The State of Virginia indicted Appellant on several felony charges; released him from jail on a personal recognizance bond; and issued warrants for his arrest when he failed to show up to court, all in October 2013. SX 3.

Appellant was arrested in Texas on unrelated felonies in December 2013. He resolved those cases through a plea bargain in April 2014, and completed his sentence on December 1, 2014. 3RR 5-6; DX 1, 3.

Appellant was kept in custody, pending extradition to Virginia. Virginia made a formal demand for extradition in January 2015, and in February, the governor issued a Governor's Warrant to extradite Appellant to Virginia. SX 2, 3; DX 1.

Appellant filed a writ of habeas corpus, challenging his detention on the Governor's Warrant. CR 3-48. The trial court denied relief, and Appellant appealed. CR 49-52.

## Summary of the State's Argument

*Point One:* Appellant argues that he is not a "fugitive" (and therefore not subject to the Governor's Warrant).

*Reply:* All that is necessary to make a person a fugitive is that he left a state where he was charged with a crime. It is undisputed that Appellant was charged with several felonies in Virginia and that he subsequently left the state. Thus, the trial court did not abuse its discretion in finding that Appellant is a fugitive.

*Point Two:* Appellant argues that he is entitled to release from custody because the Governor's Warrant did not issue within the time allowed by statute.

*Reply:* Appellant's argument is not cognizable. Additionally, the issuance of a valid Governor's Warrant rendered Appellant's complaint moot. Finally, the Governor's Warrant issued within the time allowed. For all of these reasons, Appellant is not entitled to release from custody.

## Standard of Review

A trial court's ruling on a writ of habeas corpus is subject to review for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

## Argument

### Reply Point One: The trial court did not abuse its discretion in finding that Appellant is a "fugitive."

Article IV, Section 2 of the United States Constitution establishes the basis for extradition of fugitives between states. U.S. Const. art. IV, § 2, cl. 2. The Extradition Clause is implemented by the Uniform Criminal Extradition Act, which has been adopted by Texas. *See* Tex.

Code Crim. Proc. art. 51.13. Under the Act, the governor has a duty to issue a warrant for the arrest and extradition of fugitives found in Texas, upon proper demand by another state. *See id.*

All that is necessary to make a person a "fugitive" is that he left a state where he was charged with a crime. *Ex parte Sanchez*, 987 S.W.2d 951, 952-53 (Tex. App.—Austin 1999, pet. ref'd, untimely filed); *Ex parte Robertson*, 210 S.W.2d 593 (Tex. Crim. App. 1948).

It is undisputed that Appellant was charged with several felonies in Virginia and that he subsequently left the state. Thus, Appellant is a fugitive.

Appellant argues that he is not a fugitive (and therefore not subject to the Governor's Warrant) because he signed paperwork notifying Virginia that he was incarcerated in Texas and asking Virginia to come get him, pursuant to Tex. Code Crim. Proc. art. 51.14. But Appellant cites no authority for the argument that merely signing this paperwork (which, incidentally, never even made it to Virginia) somehow transformed him into a non-fugitive who is immune to a Governor's Warrant issued under Article 51.13.

The facts are that Appellant bond-forfeited and fled Virginia, he has not returned, he has refused to sign papers agreeing to extradition, and he is currently fighting extradition through a writ of habeas corpus and appeal. He is a fugitive from Virginia in every sense of the word.

For all of these reasons, the trial court did not abuse its discretion in finding that Appellant is a fugitive.

### Reply Point Two: Appellant is not entitled to release from custody.

Appellant argues that he is entitled to release from custody because the Governor's Warrant did not issue within the time allowed by statute.

First, Appellant's argument is not cognizable. Extradition proceedings are limited in scope in order to facilitate a swift and efficient transfer of custody to the demanding state, so once the governor grants extradition, a court considering release on habeas corpus can consider only (1) whether the extradition documents on their face are in order; (2) whether appellant has been charged with a crime in the demanding state; (3) whether appellant is the same

person named in the extradition request; and (4) whether appellant is a fugitive. *Ex parte Potter*, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000).

Additionally, the issuance of a valid Governor's Warrant rendered Appellant's complaint moot. *See Ex parte Worden*, 502 S.W.2d 803, 804-05 (Tex. Crim. App. 1973); *Echols v. State*, 810 S.W.2d 430, 431 (Tex. App.—Houston [14th Dist.] 1991, pet. denied).

Finally, even if Appellant's complaint was judicable, the Governor's Warrant issued within the time allowed by statute. The State may detain a fugitive for 90 days in order to obtain a Governor's Warrant. *See* Tex. Code Crim. Proc. art. 51.13, §§ 15, 17. Appellant completed his sentence on the Texas felonies on December 1, 2014, and the Governor's warrant issued on February 6, 2015, well within this 90-day window. Thus, Appellant was never entitled to release. *See Ex parte Wall*, Nos. 02-11-00326-CR, 02-11-00517-CR, 2012 Tex. App. LEXIS 9652, at *17-24 (Tex. App.—Fort Worth 2012, no pet.).

Appellant argues that the State needed to issue the Governor's Warrant within 90 days of his appearance before a magistrate on October 21, 2014. He cites Tex. Code Crim. Proc. arts. 51.05 and

51.07. These sections apply when a person has been arrested under a magistrate's warrant (also called a fugitive warrant), per Tex. Code Crim. Proc. art. 51.03. There is no evidence that Appellant was arrested on a fugitive warrant on October 21, 2014. Instead, the record shows that the magistrate asked Appellant if he wanted to waive extradition, and he refused. 2RR 14-17; 3RR 11-13. Nothing about this triggered the 90-day clock for fugitive warrants in Articles 51.05 and 51.07.

For all of these reasons, Appellant is not entitled to release from custody.

## Prayer

The State asks this Court to overrule Appellant's points of error and affirm the trial court's order denying habeas relief.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**

Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## Certificate of Compliance and Service

I certify that this brief contains 1,078 words. I further certify that, on the 29th day of October, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to Appellant's attorney, Paul Evans, 811 Nueces Street, Austin, Texas 78701.

**Angie Creasy**