**AFFIRMED and Opinion Filed October 12, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00615-CR**

**EX PARTE JAMES MICHAEL DRAUCKER**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause No. WR-1-22-0006**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

This is an appeal from the denial of appellant James Michael Draucker's application for writ of habeas corpus seeking his release from confinement in the Rockwall County Jail. Appellant challenges the trial court' denial of his application asserting various provisions of the Uniform Criminal Extradition Act (UCEA) required that he be released from confinement because he had been in the Rockwall County Jail for more than 30 days, and no action had been taken to recommit him for an additional 60 days. *See* TEX. CODE CRIM. PROC. ANN. art. 15.13 §§ 13, 15,

17.[1] The State argues that the issuance of the valid Governor's Warrant renders moot appellant's complaints regarding his confinement. We agree with the State and affirm the county court's denial of appellant's application for writ of habeas corpus.

## BACKGROUND

On November 24, 2021, the Commonwealth of Pennsylvania charged appellant with 2 counts of felony driving under the influence of drugs or alcohol and 9 misdemeanor offenses. According to appellant's sworn application for writ of habeas corpus, on March 30, 2022, he was arrested in Fort Worth on bench warrants from Rockwall County, Texas and Jefferson County, Pennsylvania. On April 8, 2022, he pleaded guilty to a Rockwall County driving while under the influence charge and was sentenced to 25 days in jail, with credit for time served. On April 13, 2022, appellant appeared before the Rockwall County Court at Law and refused extradition to Pennsylvania.

Consequently, on April 28, 2022, the Pennsylvania extradition proceedings were initiated by Jefferson County, Pennsylvania's Petition for Requisition directed to the Governor of Pennsylvania. On May 3, 2022, the Commonwealth of Pennsylvania issued its Governor's Requisition addressed to the Governor of Texas, reciting that appellant fled from Pennsylvania to Texas and requesting that Texas

---

[1] Section 13 allows for arrest prior to requisition, section 15 allows for the commitment of the accused to the county jail for a period not exceeding thirty days, and section 17 allows a judge or magistrate to recommit the accused for a further period not to exceed sixty days if he or she is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond. TEX. CODE CRIM. PROC. ANN. art. 51.13. §§ 13, 15, 17.

apprehend appellant and deliver him to designated agents of the Commonwealth of Pennsylvania for prosecution.

On May 10, 2022, the Governor of Texas issued a warrant for appellant's arrest addressed to all Texas law enforcement directing appellant's delivery to Pennsylvania authorities.

On June 6, 2022, appellant filed his application for writ of habeas corpus alleging that he was illegally confined and restrained of liberty by the Sheriff of Rockwall County. A hearing on appellant's application was held on June 6, 2022, appellant did not contest any of the legal requirements for extradition: namely, (1) whether the extradition documents on their face are in order (2) whether the Petitioner has been charged with a crime in the demanding state (3) whether the Petitioner is the person named in the extradition request and (4) whether the Petitioner is a fugitive. *Wray v. State*, 624 S.W.2d 573 (Tex. Crim. App. 1981). Moreover, at the hearing, and while under oath, appellant stipulated that he was in fact the person identified in the paperwork for the extradition. The State also introduced into evidence the Executive Warrant of the Governor of the State of Texas and the requisition and supporting papers authorizing the arrest and return of appellant to the Commonwealth of Pennsylvania to answer the charges pending against him there. The trial court denied appellant's application and this appeal followed.

## DISCUSSION

### I. Standard of Review

We review the trial court's decision to deny habeas corpus relief for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In conducting our review, we view the facts in the light most favorable to the trial court's ruling. *Id.* Generally, the trial court's ruling should be upheld if it is supported by the record and is correct under any theory of the law applicable to the case. *Mahaffey v. State*, 316 S.W.3d 633, 637 (Tex. Crim. App. 2010). Appellant bears the burden to prove by a preponderance of the evidence that he is entitled to the relief he seeks. *Kniatt*, 206 S.W.3d at 664.

### II. Uniform Criminal Extradition Act

Article IV, Section 2 of the United States Constitution establishes the basis for extradition of fugitives between states. U.S. CONST. art. IV, § 2, cl. 2. The Uniform Criminal Extradition Act (UCEA) implements the Extradition Clause and is embodied in Texas Code of Criminal Procedure article 51.13. TEX. CODE CRIM. PROC. ANN. art. 51.13; *Ex parte Potter,* 21 S.W.3d 290, 293 n.3 (Tex. Crim. App. 2000); *Ex parte Koester*, 450 S.W.3d 908, 911 (Tex. App.—Houston [1st Dist.] 2014, no pet.). With respect to the Extradition Clause, the United States Supreme Court has said:

> The Extradition Clause was intended to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed. (Citations omitted).

–4–

. . .

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

*Michigan v. Doran*, 439 U.S. 282, 287–89 (1978).

### III. Issuance of Governor's Warrant

The Texas Code of Criminal Procedure requires that a person confined under a fugitive warrant be discharged from custody if a governor's warrant is not issued within 90 days of confinement. TEX. CODE CRIM. PROC. ANN. art. 51.13, §§ 15, 17. However, the court of criminal appeals has held that the issuance of a Governor's Warrant renders moot any complaint arising from confinement under a fugitive warrant, including detention in excess of the statutory period. *Ex parte Worden*, 502 S.W.2d 803, 804–05 (Tex. Crim. App. 1973); *see also Ex parte Preston*, 434 S.W.2d 136, 137 (Tex. Crim. App. 1968); *Echols v. State*, 810 S.W.2d 430, 431 (Tex. App.—Houston [14th Dist.] 1991, no pet.).

In the instant case, appellant asserts he was taken into custody on March 30, 2022 and the record reflects appellant appeared before the Rockwall County Court at Law on April 13 and refused extradition and the Governor's Warrant issued on May 10, 2022. The issuance of the warrant rendered moot appellant's complaint that he was detained in excess of the statutory period without being recommitted.

*See Worden*, 502 S.W.2d at 804–05. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's June 6, 2022 order denying appellant habeas corpus relief.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
Tex. R. App. P. 47

220615F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE: JAMES MICHAEL
DRAUCKER, Appellant

No. 05-22-00615-CR

On Appeal from the County Court at
Law No. 1, Rockwall County, Texas
Trial Court Cause No. WR-1-22-
0006.
Opinion delivered by Justice
Schenck. Justices Reichek and
Goldstein participating.

Based on the Court's opinion of this date, the trial court's order of June 6,
2022 denying appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 12th day of October, 2022.