would have to be met by their Identification Bureau.

Referring again to the Collier case, we said:

"This court has through the years admonished the trial courts to incorporate in their cumulative sentences a full description of the prior proceeding in the interest of accuracy, but in this case we feel that a recitation of the number of the cause and the court in which the convict was sentenced is sufficient."

The relief prayed for is denied.

**Ex parte Floyd E. McWILLIAMS, Jr.**

**No. 27174.**

Court of Criminal Appeals of Texas.

Nov. 17, 1954.

No attorney on appeal for appellant.

Ewing Werlein, Dist. Atty., King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an extradition case.

Appellant sought his discharge by writ of habeas corpus filed in Criminal District Court No. 3 of Harris County, Texas. After a hearing, appellant was remanded to the custody of the Sheriff of Harris County to be delivered to the agent of the State of Alabama, the demanding state, and from said order he appeals.

The sheriff's return on the writ shows that appellant was being held by virtue of an executive warrant issued by the Governor of the State of Texas to answer a charge in the State of Alabama.

No statement of facts or bills of exception accompany the record.

The trial court had before him the entire record and the evidence, and nothing is presented to authorize us to conclude that he abused his discretion in remanding appellant.

The judgment is affirmed.

Opinion approved by the Court.