

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00381-CR

## EX PARTE GREGORY PAUL DAMM

**From the 18th District Court
Johnson County, Texas
Trial Court No. 201400025**

## MEMORANDUM  OPINION

In three issues, Gregory Paul Damm appeals the denial of his application for writ of habeas corpus that challenged his extradition from the State of Texas to the State of Louisiana for the alleged crime of failure of a sex offender to notify law enforcement of a change of address.  We affirm.[1]

---

[1] Based on our disposition of Damm's appeal, we dismiss Damm's motion to stay extradition as moot.

## I.     BACKGROUND[2]

In his affidavit for arrest warrant, Sergeant Robert G. Vittatoe of the St. Tammany Parish Sheriff's Office stated that Damm appeared in person to advise the Sheriff's Office that he intended to reside with his brother in Illinois. Damm, a convicted sex offender, provided his brother's address and telephone number and filled out a change-of-address card confirming that he intended to travel to and reside in Illinois with his brother.

Subsequently, the Sheriff's Office received information from the Illinois State Police indicating that Damm had failed to arrive at the Illinois address provided earlier. The Illinois State Police also noted that Damm did not register with the law enforcement agency in Illinois within three business days of arriving at the new address, as is required by law. Accordingly, on July 24, 2014, a Louisiana magistrate issued an arrest warrant for Damm.

Thereafter, the Sheriff's Office received a tip from the U.S. Marshals advising that Damm was possibly in Texas. In a November 3, 2014 letter directed to Louisiana Governor Bobby Jindal, Louisiana Attorney General James D. Caldwell stated that Damm was in the custody of the Sheriff's Office in Johnson County, Texas. Upon learning of Damm's whereabouts, the State of Louisiana, through Governor Jindal, filed

---

[2] The facts in this case are undisputed, and Damm attached to his brief the relevant documents and a copy of the transcript from the hearing on his habeas-corpus application. Furthermore, Damm filed requested emergency relief in this matter. Thus, Damm has provided the record upon which we can conduct our review of the trial court's ruling in this expedited review of the denial of an application for writ of habeas corpus. *See* TEX. R. APP. P. 31. Moreover, to the extent necessary, we invoke and apply Rule 2 to suspend the rules as to the time and manner of obtaining a record and to, therefore, reach a more expeditious disposition. *See id.* at R. 2.

a formal requisition demand for Damm with Texas Governor Rick Perry. In response to Governor Jindal's requisition demand, Governor Perry issued a governor's extradition warrant on November 14, 2014. The warrant states the following, in relevant part:

> TO ALL SHERIFFS AND OTHER PEACE OFFICERS OF THIS STATE:
>
> WHEREAS if has been represented to me by the Governor of the State of LOUISIANA, that GREGORY PAUL DAMM aka GREGORY DAMM, fugitive, stands charged with the crime of FAILURE OF SEX OFFENDER TO NOTIFY LAW ENFORCEMENT OF CHANGE OF ADDRESS committed in said State, and that he fled from the justice of that State, and has taken refuge in the State of Texas, and the said Governor of LOUISIANA having, in pursuance of the Constitution and laws of the United States and of the State of Texas, demanded of me that I shall cause the said fugitive to be arrested and delivered to SHERIFF RODNEY STRAIN AND/OR DULY AUTHORIZED AGENT(S) OF ST. TAMMANY PARISH hereby authorized to receive into custody and convey the fugitive back to said State; and
>
> WHEREAS the said representation and demand is accompanied by a copy of the AFFIDAVIT MADE BEFORE A MAGISTRATE AND WARRANT, certified by the Governor of said State to be authentic, whereby the said fugitive is charged with said crime.
>
> THEREFORE, I, Rick Perry, Governor of Texas, by this warrant command you to arrest and secure said fugitive, wherever he may be found within this State, and to deliver said fugitive into the custody of said agent(s), to be taken back to said State from which he held, pursuant to the said requisition, there to be dealt with according to law.

In short, Governor Perry issued his warrant because Governor Jindal sent the Texas Governor's Office a requisition demand with (1) a criminal complaint made before a magistrate, and (2) a warrant, both of which documented Damm's crime in Louisiana.

Damm filed an application for writ of habeas corpus in the trial court, and after a hearing, the trial court concluded,

I do find that the documents on their face, the extradition documents on their face are in order. I find the Petitioner has been charged with a crime in the demanding state of Louisiana. I find the Petitioner is the person named in the request for extradition and that the Petitioner is a fugitive.

The trial court denied Damm's habeas-corpus application and a related request to stay extradition. This appeal followed.

## II. APPLICABLE LAW

The language of the Extradition Clause of the United States Constitution is "clear and explicit" and "creates a mandatory duty to deliver up fugitives upon proper demand . . . ." *Puerto Rico v. Branstad*, 483 U.S. 219, 226, 107 S. Ct. 2802, 2807, 97 L. Ed. 2d 187 (1987) (citing *Michigan v. Doran*, 439 U.S. 282, 286, 99 S. Ct. 530, 525-26, 58 L. Ed. 2d 521 (1978)). The Uniform Criminal Extradition Acts (UCEA) "establishes procedures for the interstate transfer of persons against whom criminal charges are outstanding . . . [and] applies to persons at liberty as well as to persons in prison." *Cuyler v. Adams*, 449 U.S. 433, 436 n.1, 101 S. Ct. 703, 705, 66 L. Ed. 2d 641 (1981). Following the language of the Extradition Clause of the United States Constitution, the UCEA speaks in terms of a demand by the executive of a state placed on the executive of another state for delivery of a fugitive from justice. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (West Supp. 2014). Within the bounds of the constitution and applicable law, the UCEA requires the governor of a sending state to have a fugitive arrested and delivered to the executive authority of the receiving state. *Id.*

A habeas-corpus proceeding challenging extradition is "intended to be limited in scope in order to facilitate a swift and efficient transfer of custody to the demanding

state." *Ex parte Potter*, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000). Once the governor has granted extradition, a court considering release on habeas can do no more than decide: (1) "whether the extradition documents on their face are in order"; (2) "whether the petitioner has been charged with a crime in the demanding state"; (3) "whether the petitioner is the person named in the request for extradition"; and (4) "whether the petitioner is a fugitive." *Id.* (citing *Doran*, 439 U.S. at 289, 99 S. Ct. at 527-28).

"An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003)); *see Ex parte McWilliams,* 272 S.W.2d 531, 531 (Tex. Crim. App. 1954). The applicant bears the burden to prove that he is entitled to the relief sought by a preponderance of the evidence. *Kniatt*, 206 S.W.3d at 664.

### III.    THE AFFIDAVIT FOR ARREST WARRANT

In his first issue, Damm contends that the extradition documents were not facially in order because Sergeant Vittatoe's affidavit for arrest warrant contained the wrong date pertaining to the commission of the charged offense. We decide this issue by comparing the extradition documents to the requirements of the UCEA. *See Rayburn v. State*, 748 S.W.2d 285, 288-89 (Tex. App.—Tyler 1988, no pet.).

Section 3 of the UCEA states in relevant part:

No demand for the extradition of a person charged with a crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding State at the

time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of the State; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand . . . .

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3.

Here, the governor's extradition warrant, which included the requisition demand from the Governor of Louisiana, recites that Damm was charged with the offense of failure of a sex offender to notify law enforcement of a change of address. In this issue, Damm does not challenge the identity or presence elements of the analysis, nor does he argue that he did not commit a crime in Louisiana, the demanding state. Instead, Damm merely argues that the alleged date of the commission of the crime was incorrect and, therefore, the extradition documents were not facially in order. We disagree.

In his original affidavit for arrest warrant executed on July 24, 2014, Sergeant Vittatoe stated that Damm personally advised the St. Tammany Parish Sheriff's Office of his change of address on December 5, 2014. However, Sergeant Vittatoe executed an affidavit of clarification on October 30, 2014, stating that Damm actually appeared in person at the Sheriff's Office on December 5, 2013, not December 5, 2014. Additionally,

the affidavit of probable cause also reflected the December 5, 2013 date, not the erroneous December 5, 2014 date.

Given this information, and based on our review of the record, we conclude that the extradition documents are facially in order. *See id.*; *see also Doran*, 439 U.S. at 288-89, 99 S. Ct. at 527-28 ("A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met."). As such, we overrule Damm's first issue.

### IV. THE GOVERNOR'S EXTRADITION WARRANT

In his second and third issues, Damm argues that Governor Perry did not have authority to sign the governor's extradition warrant because Governor Perry is currently under indictment. Damm further argues that by signing the governor's extradition warrant, Governor Perry acted "as a juror as trier of the facts."

However, in his brief, Damm does not cite any relevant authority to support the contentions made in his second and third issues. Accordingly, we conclude that these issues have been inadequately briefed. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). We overrule Damm's second and third issues.

### V. CONCLUSION

For the reasons discussed above, the trial court did not abuse its discretion in concluding that the governor's warrant for the extradition of Damm to Louisiana is valid. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3; *see also Doran*, 439 U.S. at 288-89,

99 S. Ct. at 527-28. And as such, we cannot say that the trial court abused its discretion by denying Damm's habeas-corpus application. *See Kniatt*, 206 S.W.3d at 664; *Ex parte Peterson*, 117 S.W.3d at 819; *see also Ex parte McWilliams*, 272 S.W.2d at 531. Accordingly, we affirm the trial court's order denying habeas-corpus relief.

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed January 22, 2015
Do not publish
[CR25]

